FILED:BANKRUPTCY:NJ
2026 JUL 22 PM3:00:30

Cornelius Stephens
33 Main Street
Pennsville, New Jersey 08070
stephenscornelius@gmail.com
(215) 960-2509
Debtor Pro Se

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
(Camden Vicinage)

In re: Cornelius Stephens,
Plaintiff,
Main Bankruptcy Case No.: 26-18311
v. ABA

Adversary Case No.: 26-cv-_____
Chapter 13
Chief Judge.

CASTLEROCK 2017, LLC;
CASTLE CFD GROUP, LLC;
and MADISON CFD, LLC,

Defendants.

---

**VERIFIED ADVERSARY COMPLAINT TO VOID UNPERFECTED LIEN AND FRAUDULENT CONVEYANCES PURSUANT TO 11 U.S.C. SECTIONS 522(h) AND 544(a)(3), TO QUIET TITLE, AND FOR COMPENSATORY AND PUNITIVE DAMAGES PURSUANT TO 11 U.S.C. SECTION 362(k)(1) AND N.J.S.A. 56:8-2**

Plaintiff Cornelius Stephens, appearing pro se, by way of formal Verified Adversary Complaint against Defendants Castlerock 2017, LLC, Castle CFD Group, LLC, and Madison CFD, LLC (collectively, "Defendants"), respectfully states:

**THE PARTIES**

1. Plaintiff Cornelius Stephens is an individual residing at and holding 100% equitable and

possessory title to the primary residential homestead real property located at 33 Main Street, Pennsville, New Jersey 08070 (Tax Block 502, Lot 12), and is the debtor in the simultaneously commenced main Chapter 13 bankruptcy petition.

2. Defendant Castlerock 2017, LLC is a foreign corporate entity maintaining its principal business registry address at Castlerock 2017, LLC. 120 Bloomingdale Rd. Suite 304 White Plains NY 10605. Defendants Castle CFD Group, LLC and Madison CFD, LLC are corporate shell subsidiaries operating in active concert under the direct control and ownership of Castlerock 2017, LLC at the identical principal office address.

## JURISDICTION AND STANDING

3. This Court possesses absolute, exclusive subject-matter jurisdiction over this active adversary proceeding pursuant to 28 U.S.C. Sections 1334(b) and 1334(e)(1), and 28 U.S.C. Section 157(b)(2)(A), (E), (K), and (O). This is a core proceeding to determine the validity, priority, or extent of liens, to secure the turnover of property of the estate, and to protect the individual reorganization dockets.

4. Plaintiff possesses direct, independent statutory standing to deploy the Trustee's strong-arm avoidance powers under 11 U.S.C. Section 522(h) and 11 U.S.C. Section 544(a)(3). The real property asset has been claimed as a 100% exempt homestead under the federal exemption scheme on Schedule C (11 U.S.C. Section 522(d)(1)), and the Chapter 13 Trustee has declined to initiate an independent avoidance action.

## GENERAL FACTUAL ALLEGATIONS

5. On August 14, 2019, Plaintiff entered into a residential land installment contract with Castlerock 2017, LLC to purchase his home at 33 Main Street, Pennsville, NJ 08070, carrying an initial principal contract balance of $27,700.00. Over five years of continuous household

occupancy, Plaintiff fully complied with his capital obligations, ultimately transmitting a certified total of $37,185.97 directly to the Defendants.

6. The underlying contract debt principal was mathematically fully satisfied, cleared to a zero balance, and overpaid by a certified total of $10,685.97. Under EDNY Local Bankruptcy Rule 7056-1(c), this zero debt balance stands as a conclusively deemed admitted fact on the federal record due to the Defendants' total litigation default in parallel dockets. Chief Judge Jil Mazer-Marino has further entered a final order disallowing Castlerock's claim in its entirety.

7. While an active automatic stay was live and protecting the Debtor under a prior New Jersey Bankruptcy Case, No. 20-14850-ABA, Defendant Castlerock 2017, LLC engaged in a series of secret corporate deed transfers specifically designed to evade federal judicial oversight. Castlerock secretly executed corporate deed transfers of the primary residence from Castlerock 2017, LLC to its sister shells, Castle CFD Group, LLC and subsequently to Madison CFD, LLC.

8. Because these post-petition deed conveyances were executed in direct defiance of a live federal automatic stay, these transfers are strictly void ab initio (completely dead from the beginning, carrying zero legal force or effect). Defendants never possessed valid title or legal status within the state of New Jersey to initiate property claims.

9. The Defendants subsequently weaponized these illegal, void, and fraudulent deeds to deceive the New Jersey state court system. Under Salem County Case No. SLM-C-000010-19 before Judge Michael J. Malestein, the Defendants used these void instruments to procure a summary ejectment judgment and secure a subsequent warrant of possession. Throughout that state litigation, the Defendants actively concealed the fact that Castlerock was a completely unlicensed entity barred under N.J.S.A. 17:11C-51 and N.J.S.A. 45:15-17 from practicing real

estate brokerage or mortgage servicing in New Jersey. That matter is actively on appeal under NJ Appellate Division Docket No. A-2994-24.

10. Public database checks further reveal that Defendants completely failed to docket their local county ejectment judgment with the Clerk of the Superior Court in Trenton, securing exactly zero Statewide Judgment (DJ) numbers.

11. On June 16, 2026, while parallel federal protections were active, the Defendants explicitly instructed Salem County Sheriff's deputies to disregard the federal stay and execute a physical lockout, displacing Plaintiff's minor children onto the street and plundering their personal belongings into an off-site warehouse, where multiple valuable goods were broken and Plaintiff's vital personal identity documents, birth certificates, and computing hardware were taken and withheld. On July 8, 2026, the U.S. Bankruptcy Court for the Eastern District of New York issued Plaintiff's formal Chapter 7 Discharge, permanently dissolving all administrative overlaps under the Single Estate Rule.

## COUNT I: VOIDANCE OF UNPERFECTED LIEN PURSUANT TO 11 U.S.C. SECTION 544(a)(3)

12. Plaintiff repeats and realleges each allegation contained in paragraphs 1 through 11 as if set forth at length herein.

13. Pursuant to 11 U.S.C. Section 544(a)(3), a debtor deploying derivative strong-arm powers occupies the absolute legal status of a hypothetical Bona Fide Purchaser (BFP) of real property who purchases the asset from the debtor as of the exact minute of the case commencement, completely regardless of any actual personal knowledge held by the debtor.

14. Under New Jersey real property execution law, N.J.S.A. 2A:17-17 and N.J.S.A. 2A:16-1, a local county court judgment or warrant carries absolutely zero in rem lien authority against real estate, and is completely void and invisible against a subsequent BFP,

unless it is formally docketed with the Clerk of the Superior Court in Trenton to secure a Statewide Judgment (DJ) number.

15. Because a search of the Trenton judgment registry reveals that Defendants hold zero DJ numbers, their unrecorded possessory cloud was unperfected against a BFP as of the case commencement timeline. Accordingly, the lien is facially void, carries zero attachment authority, and must be permanently stripped of record under 11 U.S.C. Section 506(d).

**COUNT II: ACTION TO QUIET TITLE BASED ON SATISFIED CONTRACT AND VOID DEEDS**

16. Plaintiff repeats and realleges each allegation contained in paragraphs 1 through 15 as if set forth at length herein.

17. Under New Jersey substantive property law, a cloud upon the title of real estate cannot be maintained by a creditor if the underlying contract debt principal has been satisfied in full or is based on instruments executed in violation of a bankruptcy stay.

18. Because the uncontradicted federal record confirms that the land contract principal was paid to a zero dollar balance and overpaid by $10,685.97, and because the deeds held by Castle CFD Group, LLC and Madison CFD, LLC are void ab initio, the Defendants hold zero valid in rem or in personam claims against the property. Equity mandates that fee simple title be permanently quieted in the individual name of the Plaintiff.

**COUNT III: COMPENSATORY AND PUNITIVE DAMAGES FOR WILLFUL STAY VIOLATIONS PURSUANT TO 11 U.S.C. SECTION 362(k)(1)**

19. Plaintiff repeats and realleges each allegation contained in paragraphs 1 through 18 as if set forth at length herein.

20. Under 11 U.S.C. Section 362(k)(1), an individual injured by a willful violation of the

automatic stay shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

21. Because the Defendants received direct advance notice of the active bankruptcy filing via phone and email prior to enforcement on June 16, 2026, and deliberately chose to command the road deputies to execute the physical lockout anyway, their actions constitute a high-culpability willful stay violation. Defendants are jointly and severally liable for the resulting homelessness of the family, the physical destruction of the household goods, and the unlawful seizure and withholding of Plaintiff's personal identification documents.

## COUNT IV: CONSUMER FRAUD VIA DELIBERATE CONCEALMENT OF UNLICENSED STATUS PURSUANT TO N.J.S.A. 56:8-2

22. Plaintiff repeats and realleges each allegation contained in paragraphs 1 through 21 as if set forth at length herein.

23. Under the New Jersey Consumer Fraud Act (CFA), N.J.S.A. 56:8-2, the deliberate concealment, suppression, or omission of any material fact with the intent that others rely upon such concealment in connection with the sale or advertisement of merchandise or real estate constitutes an unlawful deceptive commercial practice.

24. Defendants intentionally and deceptively concealed from the Plaintiff and the state court that they lacked the mandatory corporate, brokerage, and mortgage-servicing licenses required by the New Jersey Department of Banking and Insurance (DOBI) to conduct business in this State, forcing the Plaintiff to continuously transmit monthly capital installments to an illegal enterprise.

25. As a direct result of this material concealment, Plaintiff has suffered severe, quantifiable

ascertainable economic loss under N.J.S.A. 56:8-19, including a certified cash overpayment of $10,685.97 and total displacement from his homestead. Pursuant to state law, these losses are subject to mandatory trebling (tripling).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a final Judgment in his favor and against the Defendants:

1. Entering an Order under 11 U.S.C. Section 544(a)(3) declaring Defendants' lien completely unperfected, null, and void, and permanently stripping the interest from the land registries of Salem County;
2. Declaring the post-petition conveyances to Castle CFD Group, LLC and Madison CFD, LLC void ab initio;
3. Quieting full possessory and legal fee simple title to 33 Main Street, Pennsville, NJ 08070 in the individual name of Cornelius Stephens;
4. Assessing actual, compensatory, and punitive damages against Defendants under 11 U.S.C. Section 362(k)(1) for willful stay violations;
5. Awarding mandatory treble damages under N.J.S.A. 56:8-19 for active consumer fraud; and
6. Granting such other relief as this Court deems just and equitable.

Dated: July 21, 2026

Cornelius Stephens, Plaintiff Pro Se

**B1040 (FORM 1040) (12/24)**

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER** (Court Use Only)

ABA

FILED-BANKRUPTCY-NJ 2026 JUL 22 PM3:00:13

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| CORNELIUS STEPHENS | CASTLEROCK 2017, LLC;<br>CASTLE CFD GROUP, LLC;<br>and MADISON CFD, LLC, |

| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
|---|---|
| 33 MAIN ST<br>PENNVILLE, NJ 08070<br>(215) 960-2509 | |

| **PARTY** (Check One Box Only) | **PARTY** (Check One Box Only) |
|---|---|
| ☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to Avoid Unperfected Judgment Lien pursuant to 11 U.S.C. Section 522(h) and Section 544(a)(3); To Invalidate Stay-Violating Deeds Void Ab Initio; To Quiet Title based on a Paid-in-Full Contract; For Damages under 11 U.S.C. Section 362(k)(1); and for Consumer Fraud under N.J.S.A. 56:8-2

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**

☒ 11-Recovery of money/property - §542 turnover of property

☐ 12-Recovery of money/property - §547 preference

☐ 13-Recovery of money/property - §548 fraudulent transfer

☒ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**

☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**

☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**

☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**

☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims

☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud

☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(f) – Dischargeability (continued)**

☐ 61-Dischargeability - §523(a)(5), domestic support

☐ 68-Dischargeability - §523(a)(6), willful and malicious injury

☐ 63-Dischargeability - §523(a)(8), student loan

☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)

☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**

☐ 71-Injunctive relief – imposition of stay

☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**

☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**

☒ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**

☐ 01-Determination of removed claim or cause

**Other**

☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*

☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☒ Check if a jury trial is demanded in complaint | Demand $ 150,000.00 |

Other Relief Sought: Quiet title to 33 Main Street, Pennsville, NJ; turnover of homestead keys and plundered personal records under 11 U.S.C. Section 542; an entry of an order declaring post-petition corporate deeds void ab initio; and an award of mandatory statutory treble damages and punitive recovery under N.J.S.A. 56:8-19 and 11 U.S.C. Section 362(k)(1).

**B1040 (FORM 1040) (12/24)**

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | |
|---|---|---|
| NAME OF DEBTOR CORNELIUS STEPHENS | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING DISTRICT OF NEW JERSEY | DIVISION OFFICE (Camden Vicinage) | NAME OF JUDGE Andrew B. Altenburg, Jr. |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) Cornelius Stephens | | |
| DATE August 21, 2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) Cornelius Stephens | |

**INSTRUCTIONS**

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.