**IN THE UNTED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| IN RE: Cornelius Stephens,<br>Debtor | : | CHAPTER 13<br>CASE NO. 26-18311 ABA |
| | : | ADV. PROC. # 26-AP-01340-ABA |
| Cornelius Stephens<br>Plaintiff. | : | |
| v. | : | |
| Castlerock 2017, LLC<br>Castle CFD Group, LLC<br>Madison CFD, LLC<br>Defendants | : | |

**CERTIFICATION OF MATTHEW FISSEL, ESQ. IN RESPONSE TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

I, Matthew Fissel, Esquire, hereby certify as follows:

1. I am an attorney licensed to practice in the State of New Jersey and United States District Court for the District of New Jersey, and an attorney with the law firm KML Law Group, P.C., attorneys for Defendants, Castlerock 2017, LLC, Castle CFD Group, LLC and Madison CFD, LLC (collectively, "Defendants") in this matter.

2. I have personal knowledge of the facts set forth herein.

3. I make this Certification in further support of Defendants' Motion to Dismiss Adversary Proceeding and the Defendants' Response to Plaintiff's Cross-Motion for Summary Judgment.

4. The State Court action which Cornelius Stephens (hereinafter "Plaintiff") seeks to impermissibly attack with this Adversary Proceeding has been fully disposed of with the State Court's Order entered on May 9th, 2025 granting Defendants a money Judgment in the amount of $64,520.00 and granting possession of the Property at 33 Main Street, Pennsville, NJ 08070 (hereinafter "Property") in the Superior Court of New Jersey, Salem Count, Docket No. C-000010-19.

5. To the extent that Plaintiff's Cross-Motion for Summary Judgment contains numbered averments, Defendants will respond as follows:

1. **The Paid-in-Full Account Fact**: This averment totally ignores the above-described Order entered in State Court. Plaintiff does not even bother to change his citation from the EDNY Local Rules as he has made the same failed argument in that Court as well.

2. **The Absence of Mandatory State Licensure**: This averment is false, wholly irrelevant even if assumed to be true, and solely intended to harass the Defendants. The "NJDOBI Complaint No." provided in this paragraph is actually KML Law Group's file number for the completed eviction of the Plaintiff from Defendants' Property.

3. **The Egregious Willful Stay Violations**: The Plaintiff has absolutely no right to be granted access to the Property that Defendants have lawfully evicted him from after years of meritless litigation. Furthermore, Defendants are well within their rights to market the Property of which they have established ownership and are in lawful possession. Additionally, Defendants obtained relief from the automatic stay in the Eastern District of New York #25-43801-JMM on March 29, 2026.

**STATEMENT OF UNCONTRADICTED MATERIAL FACTS**

1. Admitted.

2-3. Denied. The State Court Order entered May 9, 2025 included a Judgment for monetary damages in favor of Defendants and against the Plaintiff in the amount of $64,520.00 and required the Plaintiff to vacate the Premises on or before June 1, 2025. Plaintiff clearly defaulted on the terms of the installment contract and did not fully satisfy the debt under the same. This was already adjudicated in State Court and in the EDNY Bankruptcy Court.

4. Denied. Defendants' Motion to Dismiss Adversary Complaint was granted and Plaintiff's Motion for Summary Judgment was denied via an Order entered on July 27, 2026 in the Eastern District of New York #25-43801-JMM. Plaintiff has never had an averment of fact deemed admitted or proven on the merits in either State Court or Bankruptcy Court pertaining to any of the cases discussed herein.

5. Admitted that Discharge Order was entered in the Chapter 7 case filed in the Eastern District of New York #25-43801-JMM. The balance of this paragraph contains conclusions of law that do not appear to support a granting of summary judgment in favor of the Plaintiff.

6. Denied. Defendants obtained a money judgment in their favor along with judgment for possession on May 9, 2025 and a Writ of Possession on April 20, 2026 in the Superior Court of New Jersey, Salem Count, Docket No. C-000010-19.

7. Denied. Defendants obtained possession of their Property by lawful means fully approved by every Court this matter has been brought before with an abundance of notice provided to Plaintiff and any and all occupants of the Property.

8. Denied. The Plaintiff has absolutely no right to be granted access to the Property that Defendants have lawfully evicted him from after years of meritless litigation. Furthermore,

Defendants are well within their rights to market the Property of which they have established ownership and are in lawful possession.

I certify that the foregoing statements are true and correct to the best of my knowledge. I am aware that if any of the foregoing statement made by me are willfully false, I am subject to punishment.

**/s/ Matthew Fissel___**
Matthew Fissel, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322
Attorney for Defendants

Date: September 18, 2026