**IN THE UNTED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| IN RE: Cornelius Stephens,<br>Debtor<br><br>Cornelius Stephens<br>Plaintiff.<br><br>v.<br><br>Castlerock 2017, LLC<br>Castle CFD Group, LLC<br>Madison CFD, LLC<br>Defendants | : | CHAPTER 13<br>CASE NO. 26-18311 ABA<br><br>ADV. PROC. # 26-AP-01340-ABA |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS AND RESPONSE TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

## PRELIMINARY STATEMENT

Cornelius Stephens (hereinafter "Plaintiff") brings this Adversary Proceeding against Defendants, Castlerock 2017, LLC (hereinafter "Castlerock"), Castle CFD Group, LLC (hereinafter "Castle CFD"), and Madison CFD, LLC (hereinafter "Madison") (collectively, "Defendants") to impermissibly attack a Final Judgment entered in New Jersey State Court. Defendants incorporates by reference their Preliminary Statement filed with its Memorandum of Law filed in Support of their Motion to Dismiss filed on August 21, 2026 [DE 6] along with Exhibits attached thereto as there is no reason to recite the same when the instant Cross-Motion for Summary Judgment does not bring any new arguments in front of this Court, is procedurally

improper, and falls well short of the burden of proof necessary for this Court to enter summary judgment in the Debtor's favor.

The present bankruptcy and Adversary Proceeding are merely another iteration of the same failed arguments that the Plaintiff has been making in various Courts for years. The Plaintiff no longer has any interest in the Property whatsoever, the Property is not a part of the bankruptcy estate, this is not a core proceeding and this Adversary should be dismissed with prejudice.

## LEGAL ARGUMENT

### I. Plaintiff's Cross-Motion for Summary Judgment Should be Denied for Failure to Comply With Fed. R. Civ. P. 56 and D.N.J. LBR 7056-1.

Plaintiff's Cross-Motion for Summary Judgment should be denied because Plaintiff has failed to satisfy the procedural and evidentiary requirements governing summary judgment under Federal Rule of Civil Procedure 56, made applicable to this Adversary Proceeding by Federal Rule of Bankruptcy Procedure 7056, and D.N.J. LBR 7056-1. Federal Rule of Civil Procedure 56(a) permits entry of summary judgment only where the movant demonstrates that "there is no genuine issue as to any material fact" and that the movant "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). See also, In re Moran-Hernandez, No. 15-17634, 2016 WL 423705, at *2-*3 (Bankr. D.N.J. Feb. 2, 2016). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" In re Moran-Hernandez, No. 15-17634, 2016 WL 423705, at *2-*3 (Bankr. D.N.J. Feb. 2, 2016) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). "In deciding a motion for summary judgment, the judge's function is to determine if there is a

genuine issue for trial." In re Moran-Hernandez, No. 15-17634, 2016 WL 423705, at *2-*3 (Bankr. D.N.J. Feb. 2, 2016) (quoting Josey v. John R. Hollingsworth Corp., 996 F.2d 632, 637 (3d Cir. 1993)).

In determining whether a factual dispute warranting trial exists, the court must view the record evidence and the summary judgment submissions in the light most favorable to the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A party asserting that a fact is not genuinely disputed must support that assertion by citing to particular parts of materials in the record or otherwise by demonstrating that the adverse party cannot produce admissible evidence supporting the disputed fact. Fed. R. Civ. P. 56(c)(1).

D.N.J. LBR 7056-1 imposes additional, specific requirements upon a party seeking summary judgment:

> "A motion for summary judgment must include a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion."

D.N.J. LBR 7056(a).

The Rule further provides that "[a] motion for summary judgment unaccompanied by a statement of material facts not in dispute may be dismissed." Id.

Plaintiff's Cross-Motion for Summary Judgment clearly falls well short of the requirements stated in unequivocal language in the above-described Rules and case law interpreting the same, especially when viewed in light most favorable to the Defendants. Although the Plaintiff has styled this filing as a "Cross-Motion for Summary Judgment," and includes two sets of numbered paragraphs that total eleven (11) purported to be statements of uncontradicted material facts, Plaintiff does not support each such factual assertion with citations

to competent evidence that appears on the record. This is because the record does not support any of the eleven (11) "uncontradicted material facts." Instead, Plaintiff's submission merely consists of allegations that have already been litigated in State Court and the EDNY Bankruptcy Court that he has lost on, conclusions of law unrelated to the causes of action and, to be blunt, intentional misrepresentations of the record. This is clearly insufficient to carry a movant's burden of proof under Rule 56.

Summary Judgment is not obtained by merely labeling a filing a motion for summary judgment or by repeating allegations contained in the Complaint. The Debtor-Movant bears the initial burden of identifying the material facts that are allegedly undisputed and directing the Court to competent evidence on the record demonstrating the absence of any genuine factual dispute. See Fed. R. Civ. P. 56(a), (c)(1). Plaintiff's failure to meet this procedural and evidentiary burden deprives the Defendants and the Court of the orderly factual record contemplated by D.N.J. LBR 7056-1 and leaves Plaintiff unable to establish the proof necessary for summary judgment.

Moreover, D.N.J. LBR 7056-1 expressly provides that a statement of material facts "may not contain legal arguments or conclusions of law." See D.N.J. LBR 7056-1. Thus, to the extent Plaintiff's eleven (11) numbered paragraphs contain legal conclusions concerning the results and effects of the prior State Court proceedings, which is essentially all of them, those assertions cannot substitute for the statement of material facts and supporting record required by the above-cited Rules. When taken together, Plaintiff's alleged undisputed material facts do not cite to any evidence on the record at all and certainly do not support a Judgment for turnover of property, recovery of money/property, validity, priority or extent of lien or other interest in property, or a declaratory judgment. The Plaintiff's Cross-Motion for Summary Judgment only further leads to

the conclusion that this entire Adversary Proceeding is without merit and must be dismissed as a matter of law.

**II. This Honorable Court is Without Jurisdiction to Rule on any of the Allegations Contained in the Plaintiff's Amended Complaint or Cross-Motion for Summary Judgment.**

**A. Plaintiff's "Uncontradicted Material Facts" are Barred from Consideration Pursuant to the *Rooker-Feldman* Doctrine.**

Under the *Rooker-Feldman* doctrine, federal courts are prevented from sitting as appellate courts for state court judgments. In re Knapper, 407 F.3d 573, 580 (3d Cir. 2005) (citing Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. Of N.Y. and N.J. Police Dept., 973 F.2d 169, 173 (3d Cir. 1992)). The *Rooker-Feldman* doctrine applies even when a state court is in error. In re Singleton, 230 B.R. 533, 538 (B.A.P. 6th Cir. 1999) (citing In re Highway Truck Drivers & Helpers, Teamsters Local No. 107, 100 B.R. 209, 216 (Bankr. E.D. Pa. 1989)). See also, In re Andrews, No. 03 16226 GMB, 2006 W.L. 4452986, at *4 (Bankr. D.N.J. May 10, 2006) ("the *Rooker-Feldman* doctrine prohibits bankruptcy courts from reviewing the final determinations of a state court, 'even those that are erroneous.' Grey v. State of New Jersey, 2003 U.S. App. LEXIS 26660, at *6 (3d Cir. 2003)"). Jurisdiction to review a state court's decision rests solely in the United States Supreme Court, and then only when it is a decision of the state's highest court. See 28 U.S.C. §1257.

To be clear, the State Court did not err in its May 9, 2025 Order in favor of the Defendants. The above-described case law stands for the principle that the *Rooker-Feldman* doctrine is so sweeping, that it still precludes this Court from ruling on allegations of fact that the Plaintiff has lost on in State Court, *even if underlying adjudication is erroneous*. Under the

*Rooker-Feldman* doctrine, the Bankruptcy Court does not have jurisdiction to enter summary judgment based upon the Plaintiff's unsupported "Statement of Uncontradicted Material Facts," to force the turnover of the Property, or any of the other relief sought in the Amended Adversary Complaint. Doing so would very clearly involve altering an Order entered by a State Court Judge of competent jurisdiction. The relief requested by Plaintiff here is 'inextricably intertwined' with the May 9, 2025 Order rendered against the Plaintiff and in favor of Defendants in the State Court action.

**B. The Plaintiff's "Statement of Uncontradicted Material Facts" are Also Barred from Consideration by Res Judicata and/or Collateral Estoppel.**

As noted above, the entry of the May 9, 2025 Order determined that the Defendants were entitled to a monetary judgment of $64,520.00 and possession of the Property, issues necessary to the decision, regardless of the extent to which it was (or was not) litigated there. "The term '*res judicata*' refers broadly to the common-law doctrine barring re-litigation of claims or issues that have already been adjudicated." Velasquez v. Franz, 123 N.J. 498, 505 (1991); see also Watkins v. Resorts Int'l Hotel and Casino, Inc., 124 N.J. 398, 409 (1991) ("[i]n essence, the doctrine of res judicata provides that a cause of action between parties that has been finally determined on the merits by a tribunal having jurisdiction cannot be re-litigated by those parties or their privies in a new proceedings."); In re Estate of Gabrellian, 372 N.J. Super. 432, 446 (App. Div. 2004) ("[r]es judicata . . . has the salutary purpose of preventing re-litigation of the same controversy between the same parties."). Res judicata applies "not only to matters actually determined in an earlier action, but to all relevant matters ***that could have been so determined***." Watkins, 124 N.J. at 412-413 (citations omitted) (emphasis added). Federal courts must apply res judicata, and "must give to a state court judgment the same preclusive effect as would be

given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City School Dist. Bd. of Ed., 465 U.S. 75, 81 (1984).

Even if the allegations in the State Court action vary in the particulars from those set forth in the Amended Complaint and "Statement of Uncontradicted Material Facts," they are barred just the same by collateral estoppel. The doctrine of collateral estoppel, now commonly referred to as issue preclusion, prevents parties from litigating issues when a court of competent jurisdiction has already adjudicated the issue on its merits, and a final judgment has been entered as to those parties or their privies. Witkowski v. Welch, 173 F.3d 192, 198-99 (3d Cir. 1999) (citing Schroeder v. Acceleration of Life Ins. Co., 972 F.2d 41, 45 (3d Cir. 1992)). "A new contention is not ... necessarily a new issue. If a new legal theory or factual assertion put forward in [a] second action is 'related to the subject-matter and relevant to the issues' that were litigated and adjudicated previously, 'so that it could have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged.'" In re Charter Oak Fire Ins. Co. v. Sumitomo Marine & Fire Ins. Co., Ltd., 750 F. 2d 267 (3rd Cir, 1984) at 271 n. 2.

When collateral estoppel is asserted on the basis of prior federal litigation, federal preclusion law applies. Doe v. Hesketh, et al, 828 F. 3 159, at 171 (3 Cir., 2016). "For a party to be estopped from relitigating an issue, the following elements must be present: (1) the issue sought to be precluded must be the same as the one involved in the prior action; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment." In re Docteroff, 133 F. 3 210, at 214 (3 Cir., 1997). Third Circuit precedent does not require that the party against whom "federal" collateral estoppel is asserted was also a party (or a privy to a party) in the prior litigation. Even if such a requirement existed, it is easily met here.

> "Privity exists when a nonparty to the prior action was 'adequately represented by someone with the same interests who was a party to the suit.' Taylor v. Sturgell, 553 U.S. 880, at 894; 128 S. Ct. 2161 (2008)". In re Bestwall, LLC, 47 F. 4th 233, at 244 (2022).

The Plaintiff in this action is the same Plaintiff in the prior federal litigation (the Adversary Proceeding in the New York bankruptcy), and this is precisely the type of action the Plaintiff is estopped from bringing in this Court, as Plaintiff brought an Adversary Proceeding that was essentially the same claim in the Eastern District of New York Bankruptcy Court against the same Defendants, and the basis for turnover was asserted, litigated, and rejected in the prior Adversary Proceeding as well as the State Court action.

Plaintiff's "Statement of Uncontradicted Material Facts" and Amended Complaint merely consist of arguments that have specifically failed in State Court or are misapplications of New Jersey State law, the Bankruptcy Code, New Jersey Bankruptcy Rules of Procedure, and even New York Bankruptcy Rules of Procedure. Any arguments to support this claim that are newly alleged in this Adversary Complaint are at the very least "related to the subject matter and relevant to the issues" raised in the State Court action. Any such additional alleged claims – even if not mentioned in the State Court action – but "could have been raised" there are barred under collateral estoppel. Charter Oak, supra. Thus, even if the allegations of the "Statement of Uncontradicted Material Facts" and Amended Complaint are not barred by *res judicata*, they are absolutely barred by the application of the above-described collateral estoppel doctrine.

## CONCLUSION

The Plaintiff's eleven (11) paragraphs of "Statement of Uncontradicted Material Facts" fall well short of the standard of proof required in Rule 56 and D.N.J. LBR 7056-1 as they are all unsupported by evidence on the record and merely a restatement of issues decided against the

Plaintiff in State Court. Accordingly, Plaintiff has failed to demonstrate the absence of a genuine dispute of material fact or otherwise establish entitlement to judgment as a matter of law.

As explained above, this court lacks jurisdiction over the claims set forth in the Adversary Complaint and "Statement of Uncontradicted Material Facts" according to the *Rooker-Feldman* doctrine, the doctrine of *res judicata*, and the doctrine of collateral estoppel because, in order to give the Debtor the relief he seeks, this Honorable Court would have to invalidate the Order in State Court, which is exactly what the those doctrines proscribe. The allegations of the "Statement of Uncontradicted Material Facts" and Amended Complaint have all been raised and considered (or could have been raised and considered) in previous litigation. In the State Court action, the allegations were all rejected. Respectfully, this Court cannot alter what has been decided by a State Court Judge with competent jurisdiction.

The Defendants therefore respectfully requests that the Cross-Motion for Summary Judgment be denied and the Amended Complaint and Adversary Proceeding be dismissed with prejudice.

***/s/ Matthew Fissel ___***

Matthew Fissel, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322
Attorney for Defendants

Date: September 18, 2026