Cornelius Stephens
5415 Almeda Avenue, Apt 1-C
Arverne, NY 11692
stephenscornelius@gmail.com
(215) 960-2509
Plaintiff-Appellant

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2026 OCT 22 P 4: 0

FILED
JEANNE A. NAUGHTON, CLERK
OCT 22 2026
U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY__________DEPUTY

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
(Camden Vicinage)

| | |
|---|---|
| In re: Cornelius Stephens, | Main Chapter 13 Case No.: 26-18311-ABA |
| Debtor. | Chapter 13 |
| CORNELIUS STEPHENS, | Adversary Proceeding No.: 26-01340-ABA |
| Plaintiff-Appellant, | |
| v. | Judge Andrew B. Altenburg, Jr. |
| CASTLEROCK 2017, LLC; CASTLE CFD GROUP, LLC; and MADISON CFD, LLC, | APPELLANT'S STATEMENT OF ISSUES ON APPEAL AND DESIGNATION OF DOCKET RECORD PURSUANT TO FED. R. BANKR. P. 8009 |
| Defendants-Appellees. | |

## APPELLANT'S AMENDED STATEMENT OF ISSUES ON APPEAL

Plaintiff-Appellant Cornelius Stephens, appearing, hereby logs this formal Statement of Issues on Appeal pursuant to **Federal Rule of Bankruptcy Procedure 8009(a)(1)**. Appellant intends to prosecute the following distinct errors of law, fact, and constitutional due process upon the appellate review of this matter:

### 1. The Supreme Court Invalidation Error (The Anti-Shield Fraud Doctrine)

Whether the Bankruptcy Court committed a fatal error of law and abused its equitable authority by entering a summary dismissal ***with prejudice*** that functions to shield, validate, and insulate the Defendants' fraudulent behavior and deceptive state filing maneuvers from judicial scrutiny. The United States Supreme Court has repeatedly established that **a court should not**

**make an administrative or procedural decision that shields a party's fraudulent behavior or cleanses a fraud upon the tribunal.**

By invoking procedural bars, the lower court protected the fact that the Defendants completely fabricated their New Jersey corporate existence through a **forged Certificate of Change of Registered Agent (Certificate No. 2323939882)**, which was explicitly disclaimed in writing by private citizen Tamer S. Masoud, making their underlying eviction actions a continuing statutory nullity.

**2. The Post-Adjudication Service Defect and Deprivation of the Right to Reply**

Whether the Bankruptcy Court committed a fatal error of law and an unconstitutional violation of the Appellant's Fifth Amendment Due Process rights by entering a final Judgment and Memorandum Decision dismissing the adversary proceeding with prejudice on October 8, 2026, prior to the Appellant receiving or being served with the Defendants' Summary Judgment opposition materials.

The record establishes a severe procedural timeline distortion: the lower court issued its final ruling on October 8th, yet the Appellant did not physically receive or catch service of the Defendants' primary opposition brief until October 13, 2026, followed by a supplemental response mailing on October 16, 2026. Pursuant to Federal Rule of Civil Procedure 56, a federal court is strictly barred from adjudicating a pending cross-motion for summary judgment on a blind, incomplete record. By entering a final decree before the moving pro se Appellant was ever served with the adverse pleadings, the lower court completely extinguished the Appellant's absolute statutory right to review the opposition and file a mandatory Reply Brief, necessitating an immediate vacation and reversal of the order below.

**3. The Erroneous Rejection of Matters Deemed Admitted in Parallel Proceedings**

Whether the Bankruptcy Court erred as a matter of law by permitting the Corporate Defendants to retroactively dispute and litigate factual contract balances that were **already conclusively deemed admitted facts inside parallel federal court proceedings** due to their clear litigation defaults.

Under federal rules, an admitted fact is an uncontradicted judicial admission that binds all successive parts. The lower court was powerless to overrule the established record fact that the underlying residential land contract principal stands **fully paid to an absolute zero dollar balance and overpaid by a certified total of $10,685.97**, stripping the Defendants of any valid underlying debt or line of credit

.

**4. The Misapplication of *Res Judicata* to an Active Estate Fiduciary**

Whether the Bankruptcy Court erred as a matter of law by applying the individual preclusion doctrine of *res judicata* to wipe out statutory avoidance actions brought by an estate representative. The moment a Chapter 13 debtor initiates a core strong-arm action under **11 U.S.C. Section 544(a)(3)**, the debtor is legally transformed into a **Hypothetical Bona Fide Purchaser (BFP)** acting as an independent fiduciary of the court to protect the asset inventory. Because an estate fiduciary shares an absolute zero legal identity or privity with a pre-petition individual debtor, a prior individual dismissal can carry zero preclusive weight over the fiduciary's independent fraud-stripping actions.

**5. The Cross-Border Property Jurisdiction and Territorial Sovereignty Error**

Whether the Bankruptcy Court erred as a matter of law by holding that administrative order parameters entered by the U.S. Bankruptcy Court for the Eastern District of New York could be utilized to assert a title bar or *res judicata* preclusion over land situated strictly within the State of New Jersey. Under black-letter real property jurisprudence, an out-of-state court completely lacks *in rem* jurisdiction or cross-border enforcement authority to alter, bind, or clear public title indices for land situated exclusively within the borders of the State of New Jersey.

**6. The Due Process Timeline Contraction Error (Mailing vs. Entry Dates)**

Whether the Bankruptcy Court committed a severe error of fact and executed a clear abuse of discretion by penalizing the *pro se* Appellant for an artificial procedural delay, when the court's own **Official Certificate of Notice (Main Case Doc. No. 32)** proves that the court's underlying order was not mailed until September 24th, and not received until September 28th. By counting the 14-day compliance window from the hidden electronic entry date of September 22nd rather than the physical receipt date of September 28th, the court unconstitutionally subtracted six (6) full days from the *pro se* Appellant's window, creating an unlawful procedural trap that invalidates the dismissal order.

**7. Demand for Mandatory Judicial Reassignment Under 28 U.S.C. § 2106**

Whether the lower court's pattern of ignoring timely filed compliance documents, combined with the use of highly pejorative language to characterize a good-faith minority debtor's dockets, demonstrates a deep-seated antagonism that makes future fair adjudication an impossibility, thereby requiring this Court to order this entire case **reassigned to a different bankruptcy judge upon remand pursuant to 28 U.S.C. § 2106.**

## APPELLANT'S DESIGNATION OF THE RECORD ON APPEAL

Pursuant to **Federal Rule of Bankruptcy Procedure 8009(a)(4)**, the Plaintiff-Appellant hereby designates the following items from the dockets of Adversary Proceeding No. 26-01340-ABA and Main Chapter 13 Case No. 26-18311-ABA to constitute the Record on Appeal:

1. **Adversary Doc. No. 1:** Original Adversary Complaint filed by Plaintiff on July 22, 2026.
2. **Adversary Doc. No. 3:** First Amended Verified Civil Rights Complaint filed on August 3, 2026.
3. **Adversary Doc. No. 6:** Defendants' Motion to Dismiss Adversary Proceeding.
4. **Adversary Doc. No. 7:** Plaintiff's Cross-Motion for Summary Judgment and Accompanying Briefing.
5. **Adversary Doc. No. 10:** Defendants' Response and Opposition to Plaintiff's Cross-Motion, filed post-judgment on October 15, 2026.
6. **Adversary Doc. No. 11:** Order and Memorandum Decision Granting Motion to Dismiss and Denying Cross-Motion with Prejudice, entered October 8, 2026.
7. **Main Case Doc. No. 30:** Order Denying Motion for Turnover of Property, entered September 24, 2026.
8. **Main Case Doc. No. 32:** Official Bankruptcy Noticing Center Certificate of Notice tracking the cross-state mail delivery timeline.
9. **Evidence Item:** Certified New Jersey Division of Revenue database results tracking corporate Certificate No. 2323939882, alongside the written disclaimer statement executed by Tamer S. Masoud.

Dated: October 22, 2026

Cornelius Stephens, Plaintiff-Appellant

Cornelius Stephens
5415 Almeda Avenue, Apt 1-C
Arverne, NY 11692
stephenscornelius@gmail.com
(215) 960-2509
Plaintiff-Appellant t

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2026 OCT 22 P 4: 0

FILED
JEANNE A. NAUGHTON, CLERK
OCT 22 2026
U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY__________DEPUTY

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
(Camden Vicinage)

| | |
|---|---|
| In re: Cornelius Stephens,<br><br>Debtor. | Main Chapter 13 Case No.: 26-18311-ABA<br><br>Chapter 13 |
| CORNELIUS STEPHENS,<br><br>Plaintiff-Appellant,\|<br>v.<br><br>CASTLEROCK 2017, LLC; CASTLE CFD REGARDING<br>GROUP, LLC; and MADISON CFD, LLC,<br><br>Defendants-Appellees.\| | Adversary Proceeding No.: 26-01340-ABA<br><br>Judge Andrew B. Altenburg, Jr.<br><br>CERTIFICATION OF SERVICE<br><br>OMNIBUS APPELLATE NOTICE STACK PURSUANT TO FED. R. BANKR. P. 8002 |

## CERTIFICATION OF SERVICE

I, Cornelius Stephens, of full age, hereby certify under penalty of perjury pursuant to **28 U.S.C. Section 1746**:

1. I am the unrepresented Plaintiff-Appellant appearing pro se in the above-captioned federal appellate track.

2. On **October 22, 2026**, I officially executed formal notice and service of this complete integrated package—comprising the formal Notice of Omnibus Appeal, the Designation of Docket Record, and the Statement of Jurisdictional Issues on Appeal—upon the Defendants-Appellees by transmitting a complete, un-redacted electronic PDF copy of

the document stack via electronic mail directly to the primary registered inboxes of the Appellees' designated lead litigation counsel of record:
To: KML LAW GROUP, P.C.
Attn: Matthew Fissel, Esq. / Frank J. Keenan, Esq.
701 Market Street, Suite 5000, Philadelphia, Pennsylvania 19106
**Emails: mfissel@; fkeenan@kmllawgroup.com**

3. On said date, a true copy of the same was also transmitted via electronic mail directly to Chapter 13 Standing Bankruptcy Trustee **Andrew B. Finberg, Esq.**, and via emergency fax transmittal directly to the recording desk of the **Salem County Clerk's Office / Register of Deeds** to establish concurrent public notice of these active federal appellate tracks.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements made by me are true and correct.

Executed on October 22, 2026, at Arverne, New York.

Cornelius Stephens, Plaintiff-Appellant

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Order Filed on October 8, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | | |
|---|---|---|
| In Re:<br><br>Cornelius Stephens,<br>Debtor. | Case No.:<br><br>Chapter: | 26-18311-ABA<br><br>13 |
| Cornelius Stephens,<br>Plaintiff,<br>v.<br>Castlerock 2017, LLC, et al.,<br>Defendants. | Adv. No.:<br><br>Judge:<br><br>Hearing Date: | 26-01340-ABA<br><br>Andrew B. Altenburg, Jr.<br><br>September 22, 2026 |

U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED
CLERK
2026 OCT 22 P 3:0

**ORDER AND MEMORANDUM DECISION**
**GRANTING MOTION TO DISMISS ADVERSARY PROCEEDING**
**AND DENYING CROSS MOTION FOR SUMMARY JUDGMENT AND**
**DISMISSING AMENDED COMPLAINT WITH PREJUDICE**

The relief set forth on the following pages, numbered two (2) through twenty-one (21), is hereby **ORDERED**.

**DATED: October 8, 2026**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

---

**THIS MATTER** having come before the court by the *Motion to Dismiss Adversary Proceeding* filed by the Defendants (the "Motion") (Doc. No. 6), and the *Cross Motion re: for Summary Judgment* filed by the Debtor Plaintiff Cornelius Stephens (the "Cross Motion") (Doc. No. 7); and the Defendants having filed a *Response to* the Cross Motion (Doc. No. 10); and a hearing having been held on September 22, 2026 in which all parties appeared; and for the reasons set forth in the attached Memorandum Decision; it is

**ORDERED** that the Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that the Cross Motion is **DENIED**.

**IT IS FURTHER ORDERED** that all claims asserted against the Defendants in the Amended Complaint are **DISMISSED WITH PREJUDICE.**

Case 26-01340-ABA Doc 11 Filed 10/08/26 Entered 10/08/26 08:28:50 Desc Main
Document Page 9 of 42



---

## MEMORANDUM DECISION

Before the court is: the *Motion to Dismiss Adversary Proceeding* (the "Motion"), Doc. No. 6, filed by Defendants Castle CFD Group, LLC, Castlerock 2017, LLC, and Madison CFD, LLC (collectively, the "Defendants"); the *Cross Motion re: for Summary Judgment* filed by the Debtor/Plaintiff Cornelius Stephens (the "Cross Motion"), Doc. No. 7; and the Defendants' *Response to* the Cross Motion, Doc. No. 10. Because there are no claims upon which relief may be granted, and/or the claims are barred by *res judicata*, the Motion is granted, the Cross Motion is denied, and the Amended Complaint is dismissed with prejudice.

The court conducted a hearing on September 22, 2026, at which time both parties appeared. The hearing is concluded, and the record is closed. This matter is now ripe for disposition. This Memorandum Decision constitutes this court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## PROCEDURAL HISTORY

On July 22, 2026, the Debtor, Cornelius Stephens (the "Debtor"), filed his most recent Chapter 13 Voluntary Petition docketed as Bankr. Case No. 26-18311 (the "Main Case"). Main Case Doc. No. 1. This is the second case the Debtor has had pending in New Jersey within the preceding one-year period. His first case, Bankr. Case No. 26-16945 (the "First 2026 Case"), was filed on June 16, 2026, and dismissed on June 30, 2026. *See* Main Case, *Clerk's Evidence of Previous Dismissal*, dated July 23, 2026.[1] The Debtor initiated this Adversary Proceeding by filing a complaint on July 22, 2026, and subsequently filed an amended complaint on August 3, 2026 (the "Amended Complaint"). Doc. Nos. 1 and 3, respectively.

---

[1] The court can and does take judicial notice of the Dockets in any other case filed by the Debtor especially here, where the Debtor has been less than forthcoming and seemingly jumps from court to court or case to case seeking the same relief when unsuccessful. Fed. R. Evid. 201, incorporated in these proceedings by Fed. R. Bankr. P. 9017. *See Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014); *In re Indian Palms Associates, Ltd.*, 61 F.3d 197, 205 (3d Cir. 1995); *Thomas v. TEKsystems, Inc.*, No. 2:21-CV-460, 2026 WL 409272, at *1 (W.D. Pa. Feb. 11, 2026); *In re Davis*, 597 B.R. 770, 773 (Bankr. M.D. Pa.2019). What is more, given the Motion and Cross Motion, judicial notice is entirely appropriate. *Indian Palms Assocs., Ltd.*, 61 F.3d at 205 (noting that taking judicial notice of another court's record to establish estoppel is not improper. "It is not seriously questioned that the filing of documents in the case record provides competent evidence of certain facts—that a specific document was filed, that a party took a certain position, that certain judicial findings, allegations, or admissions were made."); *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) ("On a motion to dismiss, we may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity"); *Jonas v. Gold*, 627 F. App'x 134, 138 n.4 (3d Cir. 2015) ("The District Court was entitled to take judicial notice of prior opinions to establish the procedural history of the case,...which revealed, among other things, that the finality issue was already litigated").

Case 26-01340-ABA Doc 11 Filed 10/08/26 Entered 10/08/26 08:28:50 Desc Main
Document Page 10 of 42



---

The Debtor and his family had previously resided at real property located at 33 Main Street, Pennsville, New Jersey, 08070 (the "Property"). *Amended Complaint*, ¶¶5 and 11. On June 16, 2026, the Sheriff's Department of Salem County ("Sheriff"), on behalf of Defendant Castlerock 2017, LLC ("Castlerock"), completed a lockout of the Property pursuant to and in execution of a writ of possession (the "Writ of Possession") from the Superior Court of New Jersey, Chancery Division, Salem County (the "State Court"), Docket No. C-000010-19 (the "State Court Action"). *Amended Complaint*, ¶11; Doc. No. 6 at 3; Doc. No. 6, Ex. E.

The Debtor's Amended Complaint asserts the following four counts: Count I – Voidance of Unperfected Lien Pursuant to 11 U.S.C. § 544(a)(3); Count II – Action to Quiet Title Based on Satisfied Contract and Void Deeds; Count III – Compensatory and Punitive Damages for Willful Stay Violations Pursuant to 11 U.S.C. § 362(k)(1); and Count IV – Consumer Fraud via Deliberate Concealment of Unlicensed Status Pursuant to N.J.S.A. 56:8-2. The Motion and Cross Motion followed.

It should be noted that the Debtor brought many of the same claims under similar theories in the Main Case in his *Motion for Turnover of Property* ("Turnover Motion"), Doc. No. 7, which the court addressed in its *Order Denying Motion For Turnover Of Property, In Part And Holding Decision In Abeyance In Part With Judge Altenburg's Memorandum Decision/Opinion,* Main Case, Doc. No. 30 (the "Turnover Order").[2] In the Turnover Order, the court held that the Property was not property of the estate, there was no stay violation because there was no stay in place, and that many of the Debtor's arguments were barred by *res judicata*.[3] The Turnover Order has not been appealed.

In addition, since the time of the argument on this Motion, the Main Case has been dismissed due to the Debtor's failure to attend the Section 341(a) meeting; failure to make all required pre-confirmation payments to the Trustee; failure to provide all required documents to the Trustee; failure to file tax returns; failure to provide evidence of income; failure to attend Confirmation Hearing; and failure to provide photo ID and/or social security card. Main Case,

---

[2] The Turnover Order was served on the Debtor at the address he provided on his filed Change of Address form, Main Case Doc. No. 29, at 5415 Almeda Avenue, Apt. 1-C, Arverne, NY 11692. *See* Main Case Doc. No. 32.

[3] To be clear, the court fully determined that the Property was not property of the bankruptcy estate in the Turnover Order. No question about it. As to any personal property that the Debtor claims the Defendants had not yet turned over, the Debtor was ordered to specifically identify such personal property within a specific time and he did not. Thus, the matter no longer needs to be held in abeyance as to the personal property and the court has denied the Debtor's Turnover Motion in its entirety. Denial of the Turnover Motion makes portions of Count III of the Amended Complaint moot.

Case 26-01340-ABA Doc 11 Filed 10/08/26 Entered 10/08/26 08:28:50 Desc Main
Document Page 11 of 42



---

Doc. No. 33.[4] The case was also scheduled for dismissal on the court's own Order to Show Cause for his failure to pay fees. Main Case, Doc. Nos. 31 and 34. Although almost two weeks have passed, the Debtor has not sought to set aside the dismissal of his Main Case nor has he paid the outstanding fees. Nevertheless, with the significant efforts it has undertaken thus far in connection with the Motion and Cross Motion, the court is compelled to address the Debtor's claims in the Amended Complaint and the Cross Motion to finally put the matter to rest.

## DISCUSSION

The background pertaining to the ownership of the Property is dispositive here. The Debtor and Castlerock entered into a Land Contract/Contract for Deed dated July 19, 2018, as well as a Promissory Note dated August 1, 2018, executed by Castlerock and the Debtor (collectively, the "Land Contract and Note"), wherein Castlerock agreed to sell the Property. *Amended Complaint*, ¶ 5 and Doc. No. 6, Ex. A. The Debtor subsequently breached the Land Contract and Note and Castlerock commenced the State Court Action. Doc. No. 6, ¶5. After years of litigation before the State Court,[5] Castlerock obtained a final Order Granting Summary Judgment for Possession (the "State Court Order") against the Debtor on May 9, 2025. The State Court Order also included a judgment for monetary damages in favor of Castlerock and against the Debtor in the amount of $64,520.00 and required the Debtor to vacate the premises on or before June 1, 2025. Doc. No. 6, ¶7 and Ex. D. Importantly, the memorandum decision published along with the State Court Order (the "State Court Memorandum Decision") states, "[***i]t is clearly and convincingly established that [Castlerock] is the owner of the property.***" *Id.* at Ex. D, p.5 (emphasis added). Debtor's allegation in the Amended Complaint at ¶ 1 that he is holding 100% equitable and possessory title to the Property is unfounded as a result of the State Court Order and State Court Memorandum Decision supporting it.

Apparently to stave off enforcement of the State Court Order, on August 6, 2025, the Debtor filed a chapter 13 bankruptcy case in the Eastern District of New York, Bankr. Case No. 1-25-43801-jmm (the "New York Bankruptcy Case"). On March 29, 2026, the court in the New York Bankruptcy Case entered an *Order Granting Motion For Relief From Stay*, New York Bankruptcy Case Docket, Doc. No. 116 (the "Stay Relief Order"). The New York Bankruptcy Case Docket indicates that "The automatic stay is terminated to permit Castlerock 2017, LLC to exercise their rights under applicable law with respect to collateral known as 33 Main Street,

---

[4] The Order of Dismissal and Notice of Dismissal were served on the Debtor at the address he provided on his filed Change of Address form, Main Case Doc. No. 29, at 5415 Almeda Avenue, Apt. 1-C, Arverne, NY 11692. See Main Case Doc. Nos. 35 and 36.

[5] The Debtor also filed a chapter 13 case, Bankr. Case No. 20-14850-ABA, in 2020 that was not dismissed until 2/13/2024.

Case 26-01340-ABA Doc 11 Filed 10/08/26 Entered 10/08/26 08:28:50 Desc Main
Document Page 6 of 21



---

Pennsville, New Jersey 08070." *Id.* In another order, the New York Bankruptcy Court noted that it granted relief to the Defendants because the state court determined "that Castlerock, not the Debtor, owned the Property and entered an order requiring the Debtor to vacate the Property." New York Bankruptcy Case, Doc. 150, p.1.

Castlerock then obtained the Writ of Possession in the State Court Action on April 20, 2026. Doc. No. 6, Ex. E. The Sheriff served the Writ of Possession on the Debtor and scheduled a lockout on June 16, 2026. Shortly before the lockout took place, the Debtor filed an Emergency Motion to Stay the Writ of Possession in the State Court Action, but the Motion was promptly denied by the State Court on June 11, 2026. *Id.* at ¶11 and Ex. F. The Sheriff completed the lockout on June 16, 2026, giving rise to the Debtor's filing of his First 2026 Case. *See* Doc. No. 6, ¶12.

Two days after the First 2026 Case was filed, the Debtor filed his *Motion re: With Shortened Notice for Contempt Sanctions and Punitive Damages for Willful Violation of the Automatic Stay* ("Contempt Motion"). First 2026 Case, Doc. No. 11. *See also* Doc. No. 6, ¶12. The court denied the Contempt Motion stating that:

> ORDERED that the aforesaid motion is denied. Debtor has a pending bankruptcy case in the Eastern District of New York, Bankruptcy Case No. 25-43801. And since a debtor may not have 2 pending bankruptcy cases at the same time, this court has no jurisdiction to consider this application. Any application should be made in the Eastern District of New York.

First 2026 Case, Doc. No. 12. That ruling is currently on appeal in the United States District Court, District of New Jersey, Case No.: 26-cv-07498. First 2026 Case, Doc. No. 21, and a *Motion To Stay Pending Appeal*, First 2026 Case, Doc. No. 22. The court entered an *Order Denying Stay Pending Appeal* in the First 2026 Case, Doc. No. 26, finding that, *inter alia*:

> This Court issued the ruling now being appealed and given the majority view of the courts which have addressed the issue presented with the simultaneous filing of the chapter 13 case and the significant distinguishable facts from the cases relied on by the Debtor, it stands by that ruling. *The [First 2026] Case was an improper and ineffective filing. As such, there was no stay in effect for the creditors and/or its agents to violate. . .*
>
> ... Castlerock proceeded with the enforcement of its rights with court authority. The Debtor seeks to sanction it for its apparently lawful efforts. *Again, because the [First 2026] Case was improper, invalid, and ineffective, there was no stay in place to violate.*

---

First 2026 Case, Doc. No. 26 at 7-8 (emphasis added). That ruling is not on appeal.[6] The First 2026 Case was dismissed on June 30, 2026. First 2026 Case, Doc. No. 30.

The court has come to learn that prior to the filing of the First 2026 Case, on March 23, 2026, the Debtor initiated an adversary proceeding in his New York Bankruptcy Case, Adv. Pro. No. 26-01038 (the "NY Adversary") against these same Defendants. *See* Doc. No. 6-2 at 3. There, the Debtor also alleged, *inter alia*: that the Defendants were in violation of the New Jersey Consumer Fraud Act based on a lack of proper real estate licenses; that the lien on the Property was not properly docketed and is voidable under 11 U.S.C. § 544(a); that the Land Contract was fully satisfied by the Debtor and he was entitled to an order declaring him the sole owner of the Property; and that the 2020 deed transfers of the Property between Defendants were in violation of an automatic stay. *See* NY Adversary, Doc. Nos. 1 and 29.[7]

In the NY Adversary, the New York Bankruptcy Court held a hearing on July 16, 2026, at which the Debtor and Defendants appeared, and the court issued an oral opinion denying the Debtor's Motions for Summary Judgment and granting the Defendants' Motion to Dismiss. *See* NY Adversary, Doc. No. 30. The accompanying order reflecting that ruling, entered on July 27, 2026 (the "NY Adversary Order"), states that "on March 23, 2026, the Plaintiff filed a complaint against Castlerock 2017, LLC ("Castlerock"), Castle CFD Group LLC, Madison CFD LLC (collectively, the "Defendants"), commencing Adv. Pro. No. 26-1038-jmm (the "Adversary Proceeding") seeking, among other things, ***to avoid Castlerock's lien and to avoid transfers of 33 Main Street, Pennsville, New Jersey 08070*** [ECF No. 1]" (emphasis added). *Id.* The NY Adversary has been dismissed and closed. Importantly, and contrary to the Debtor's allegation in the Amended Complaint at ¶ 6, nowhere in the NY Adversary Order, nor the Adversary Proceeding itself and/or the New York Bankruptcy Case itself, did the New York Bankruptcy Court enter a final order disallowing the Defendants' claim in its entirety. Certainly, the Debtor has not provided any proof of such an order in connection with this Motion nor has he provided any support for his absurd position. It is truly troubling that throughout this entire case, the Debtor ignores that the

---

[6] Interestingly, despite this ruling, in his Amended Complaint (filed after the decision was issued) the Debtor alleges that parallel federal protections were in place, presumably the automatic stay in the First 2026 Case and the New York Bankruptcy Case. But the ruling is clear that no automatic stay existed in the First 2026 Case and further the Debtor was well aware that stay relief had already been granted in the New York Bankruptcy Case to allow the Defendants to enforce their rights. So, the Debtor's allegation in the Amended Complaint at ¶ 11 has absolutely no merit in law or fact and appears to have been made in bad faith.

[7] So, at the time of the filing of his First 2026 Bankruptcy Case, not only had the Debtor *not* received a discharge and items remained open on the Main Case Docket, but there remained open a fully active adversary proceeding *filed by the Debtor* on an issue that went to the very heart of his bankruptcy case that needed to be determined. This further supports the court's conclusion that the First 2026 Case was improper, invalid and ineffective and the court questions the Debtor's candor towards it.

Case 26-01340-ABA Doc 11 Filed 10/08/26 Entered 10/08/26 08:28:50 Desc Main Document Page 14 of 42



---

NY Bankruptcy Court denied the Debtor's Motions for Summary Judgment and granted the Defendants' Motion to Dismiss nor does he even address the impact of that decision.

**The Motion**

> A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim is made applicable in an adversary proceeding pursuant to Bankruptcy Rule 7012. Fed. R. Bankr. P. 7012; Fed.R.Civ.P. 12(b)(6). Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief may be granted. *Wells Fargo Equip. Fin., Inc. v. Alario,* No. 10–37591 MBK, 2011 WL 3510865, at *2 (Bankr. D.N.J. Aug. 9, 2011) "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A complaint will survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The plausibility standard requires that "the plaintiff plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Accordingly, "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.*

*Bender v. Hargrave*, AP 15-02450-ABA, 2016 WL 1147361, at *8 (Bankr. D.N.J. Mar. 9, 2016). What is more, "[i]t is axiomatic that a claim cannot be plausible when it has no legal basis. A dismissal under Civil Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory." *In re Speir*, No. ADV. 11-01198, 2012 WL 2094230, at *2 (B.A.P. 9th Cir. June 11, 2012) (citing *Johnson v. Riverside Healthcare Sys.,* 534 F.3d 1116, 1121 (9th Cir.2008)). A motion to dismiss pursuant to Rule 12(b)(6) must be granted if all of the plaintiff's claims are barred by res judicata. *Connelly Foundation v. Haverford Twp.,* 461 F.2d 495, 496 (3d Cir. 1972); *Ouaziz v. Murphy*, No. 23-2696, 2024 WL 397708, at *5 (D.N.J. Feb. 2, 2024), *aff'd*, 24-1867, 2024 WL 4927256 (3d Cir. Dec. 2, 2024). "When a defendant raises *res judicata* or collateral estoppel as an affirmative defense and 'it is clear from the face of the complaint, and consideration of matters which the court may take judicial notice of, that the plaintiff's claims are barred as a matter of law,' dismissal under Rule

12(b)(6) is appropriate." *In re Ditech Holding Corp.*, No. 19-10412, 2022 WL 1750997, at *13 (Bankr. S.D.N.Y. May 28, 2022).

In the Motion, the Defendants argue that the Debtor's claims are barred by the *Rooker-Feldman Doctrine*,[8] *res judicata*, and *collateral estoppel*, and that the Property is not property of the bankruptcy estate and therefore the Adversary Proceeding is not a core proceeding. *See* Doc. No. 6-2 at 4-11.

In the Cross Motion,[9] the Debtor expands upon his claims made in the Amended Complaint, argues the *Rooker-Feldman* Doctrine is inapplicable as a matter of law because the underlying State Court proceeding is under appeal and lacks finality, all preclusion arguments are defeated against him due to fraud upon the State Court, the preclusion doctrines do not apply because the claims and parties are different,[10] and the preclusion doctrines do not apply because he has exercised the trustee's avoidance powers in bringing an action under 11 U.S.C. § 544(a)(3), and therefore has transformed into a completely separate entity as a fiduciary of the court, no longer acting in his individual capacity but rather as a trustee of the bankruptcy estate. The Debtor argues this transformation of roles defeats privity for the sake of *res judicata* and *collateral estoppel*. *See* Doc. No. 7 at 4-21.

### A. COUNTS I, II, AND IV ARE BARRED BY *RES JUDICATA*

The court finds that Counts I, II, and IV of the Amended Complaint are barred by *res judicata* as all claims were previously litigated and decided by the New York Bankruptcy Court and/or in the prior State Court Action.

---

[8] For some reason, Defendants inexplicably fail to acknowledge the Third Circuit precedential case on the *Rooker-Feldman* Doctrine: *In re Adams*, 151 F.4th 144 (3d Cir. 2025). Because the Defendants fail to address the *Adams* case and how the Doctrine applies here, the court will not consider the *Rooker-Feldman* argument.

[9] The Debtor notes the Cross Motion is also opposition to the Defendants' Motion. *See* Doc. No. 7 at 1. The court will treat it as both.

[10] The Debtor contends that parties are different because he has added KML Law Group as a defendant. *Cross Motion* at 17. The court notes that KML Law Group appears in the header of the Cross Motion as a defendant, but there has been no Amended Complaint formally adding KML Law Group as defendant nor a motion seeking to do so. *See Cross Motion*; Fed. R. Bankr. P. 7015 and 7021; Fed. R. Civ. P. 15 and 21. Thus, the Defendants here are *identical* to the Defendants in the NY Adversary. *See* NY Adversary Order, mentioned above.

Case 26-01340-ABA Doc 11 Filed 10/08/26 Entered 10/08/26 08:28:50 Desc Main Document Page 10 of 21



---

**The NY Adversary**

To begin, the court will first look to the NY Adversary. "The preclusive effect of federal-court judgment is determined by federal common law." *Radovich v. L.P. YA Glob. Invs., L.P.*, 570 F. App'x 203, 206 (3d Cir. 2014) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507–08, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001)). "Both New Jersey and federal law apply res judicata or claim preclusion when three circumstances are present: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Radovich*, 570 F. App'x at 206 (citing *In re Mullarkey,* 536 F.3d 215, 225 (3d Cir.2008)).

First, it is clear the NY Adversary Order is a final judgment on the merits, which granted the Defendants' motion to dismiss and denied the Debtor's motions for summary judgment. *See Radovich,* 570 F. App'x at 207 ("It is undisputed that the bankruptcy court's dismissal of the Bankruptcy Adversary Action constitutes a final judgment on the merits.") The NY Adversary Order remains in place and the NY Adversary is closed. Second, the NY Adversary involved the exact same parties – no more, no less – as confirmed by the Docket entry discussed above.[11] Lastly, there is no question that the Amended Complaint, except for Count III, is based on the same relief set forth in the complaint in the NY Adversary, NY Adversary Doc. No. 1 (the "NY Complaint"), and if the NY Complaint did not precisely set forth a claim for relief contained in the Amended Complaint, it was raised in the Debtor's *Motion For Summary Judgment And Application For Interlocutory Injunctive Relief,* which was his second (2nd) motion for summary judgment in the NY Adversary (the "Second Summary Judgment Motion"). *See* NY Adversary, Doc. No. 29. Without question, each claim for relief presented in the Amended Complaint, except for Count III, was relief requested in the NY Adversary.

Specifically, here the Amended Complaint has *Count I: Voidance of Unperfected Lien Pursuant to 11 U.S.C. § 544(a)(3)* – where the Debtor argues the lien on the Property can be voided because "Under New Jersey real property execution law, N.J.S.A. 2A:17-17 and N.J.S.A. 2A:l 6-1, a local county court judgment or warrant carries absolutely zero in rem lien authority against real estate, and is completely void and invisible against a subsequent BFP, unless it is formally docketed with the Clerk of the Superior Court in Trenton to secure a Statewide Judgement (DJ) number." *Amended Complaint* at 4-5. In the NY Complaint, the Debtor argues, "Count VI: Avoidance of Unperfected Lien (11 U.S.C. § 544)… Under N.J.S.A. 2A:16-1, a judgment is not a lien on real property until docketed in Trenton. [] Because the lien was not docketed or levied upon, it was unperfected on the petition date and is voidable by the Plaintiff under the 'Strong-

---

[11] "[O]n March 23, 2026, the Plaintiff filed a complaint against Castlerock 2017, LLC ("Castlerock"), Castle CFD Group LLC, Madison CFD LLC (collectively, the "Defendants"), commencing Adv. Pro. No. 26-1038-jmm ..." NY Adversary, Doc. No. 30.

Case 26-01340-ABA Doc 11 Filed 10/08/26 Entered 10/08/26 08:28:50 Desc Main Document Page 11 of 21



---

Arm' powers of 11 U.S.C. § 544(a)." NY Complaint at 4; *see also* NY Adversary, Doc. No. 29 at 9. While the wording is not exact, the fact is that the relief sought and the theory under which it is sought are the same.

Again, here the Amended Complaint has *Count II: Action to Quiet Title Based on Satisfied Contract and Void Deeds* – where the Debtor argues that he satisfied the Land Contract in full, which was confirmed by the record in the NY Adversary, and that the deeds held by the Defendants are void due to transfers made in violation of an automatic stay. *Amended Complaint* at 5; *Cross Motion* at 7. Both theories were raised in the NY Adversary. There, on page 5 under "Count VII: Specific Performance and Quiet Title", the Debtor argued he satisfied the Land Contract and was entitled to ownership of the Property. NY Adversary, Doc. No. 1 at 5. The Debtor reiterated that argument in the Second Summary Judgment Motion, contending that the record in the NY Adversary established this fact. NY Adversary, Doc. No. 29 at 5-6. And there, on pages 4 and 5 under "Count VIII: Willful Violation of the Stay (11 U.S.C. § 362(k))", the Debtor argued that the deed transfers between Defendants are void under the same theory of a stay violation. NY Adversary, Doc. No. 1 at 4-5. Again, while the wording is not exact, the relief sought and the grounds on which it is sought are the same.

Finally, here the court has *Count IV: Consumer Fraud via Deliberate Concealment of Unlicensed Status Pursuant to N.J.S.A. 56:8-2* – in which the Debtor argues the Defendants lacked the proper real estate licensing in violation of the New Jersey Consumer Fraud Act. *Amended Complaint* at 6-7. Again, the Debtor made this exact argument for relief in the NY Complaint, in "Count V: Violation of NJ Consumer Fraud Act – Treble Damages (N.J.S.A. 56:8-2)". NY Adversary, Doc. No. 1 at 3-4. Different wording but same theory and request for relief.

It is abundantly clear that through the Amended Complaint, the Debtor is attempting to relitigate identical causes of action and claims for relief he raised in the NY Complaint – all of which were rejected and dismissed by the NY Bankruptcy Court. While the wording may not be identical, they are the same claims for relief based upon the same theories, involving the same parties and facts in which the New York Bankruptcy Court found that the Debtor failed to state a claim upon which relief may be granted. Consequently, the NY Complaint was dismissed. "[I]f it walks like a duck and talks like a duck then, in all likelihood, it's a duck." *In re Glenn Elec. Sales Corp.*, 89 B.R. 410, 418 (Bankr. D.N.J.), *aff'd,* 99 B.R. 596 (D.N.J. 1988). So too here, the Amended Complaint must be dismissed as to Counts I, II and IV because the Debtor is precluded by *res judicata* from relitigating his claims for relief before this court.

---

**<u>The State Court Action</u>**

To the extent the Debtor is attempting to relitigate his claim for possession of the Property that was determined in the State Court Action through this Adversary Proceeding, he is also barred by *res judicata*. Counts II and IV in the Amended Complaint stem from the same underlying transaction and circumstances at issue in the State Court Action. The Debtor's contentions that the deed transfers were fraudulent and therefore void, as well as his argument that he satisfied the Land Contract and is the rightful owner of the Property, were raised or could have been raised in the contentious State Court Action *before* the entry of the State Court Order on May 9, 2025. *See generally Amended Complaint* and *Cross Motion*. The State Court already clearly and unequivocally determined Castlerock was the owner of the Property and granted it possession through the State Court Order. *See* Doc. No. 6, Ex. D, p. 5. Thus, Counts II and IV are also barred by *res judicata* as a result of the findings of the State Court and the entry of the State Court Order.

As noted above, New Jersey law and federal law apply *res judicata* when the same three circumstances are present. *See Radovich*, 570 F. App'x at 206. Furthermore,

> The doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought. *Post v. Hartford Ins. Co.*, 501 F.3d 154, 169 (3d Cir.2007). It "protect[s] litigants from the burden of relitigating an identical issue with the same party or his privy and ... promot[es] judicial economy by preventing needless litigation." *Id.* (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)).

*Mullarkey*, 536 F.3d at 225 (3d Cir. 2008).

The first two elements are clearly present. First, the State Court Order was a final judgment on the merits as the State Court decided the case on its merits with the Debtor and Castlerock participating. The fact that the Debtor may have appealed the State Court Order is of no moment.[12] "[T]he pendency of an appeal does not affect the potential for *res* judicata flowing from an otherwise-valid judgment" *Ross v. Meyer*, 741 F. App'x 56, 60 (3d Cir. 2018) (quoting *United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 175 (3d Cir. 2009)); *see also* Restatement (Second) of Judgments § 13(f) ("[A] judgment otherwise final remains so despite the taking of an appeal....").

Next, the prior suit involved the same parties or privies. The Debtor and Castlerock were both parties to, and fully participated in, the State Court Action. As to the other Defendants, the Third Circuit has explained the application of privity in this context:

---

[12] The Debtor alleges that the State Court Action is currently on appeal under NJ Appellate Division Docket No. A-2994-24. *See Amended Complaint*, ¶9.

> Privity is 'merely a word used to say that the relationship between one who is a party on the record and another is close enough to include that other within the res judicata'… '[A] lesser degree of privity is required for a new defendant to benefit from claim preclusion than for a plaintiff to bind a new defendant in a later action'… '[R]es judicata may be invoked against a plaintiff who has previously asserted essentially the same claim against different defendants where there is a close or significant relationship between successive defendants.'

*Russomanno v. Dugan*, No. 21-2004, 2021 WL 4075790, at *3 (3d Cir. Sept. 8, 2021) (internal citations omitted). As such, while Castle CFD Group, LLC, and Madison CFD, LLC, were not defendants in the State Court Action, given the fact that all the Defendants are owned by or related to the same entity and were involved in the same underlying events both here and in the State Court Action, the court finds they are in privity with Castlerock. *See* Doc. No. 6 at 2 and Ex. C. The third element requires additional analysis. To decide if two causes of action are the same, courts must determine:

> (1) whether the acts complained of and the demand for relief are the same (that is, whether the wrong for which redress is sought is the same in both actions); (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same (that is, whether the same evidence necessary to maintain the second action would have been sufficient to support the first); and (4) whether the material facts alleged are the same.

*Smith & Wesson Brands, Inc. v. Att'y Gen. of New Jersey*, 105 F.4th 67, 76 (3d Cir. 2024) (citing *Wadeer v. N.J. Mfrs. Ins. Co.*, 220 N.J. 591, 110 A.3d 19, 28 (2015)).

To begin with, the demand for relief in both actions is the same. In the State Court Action, there were competing motions for summary judgment for possession of the Property. *See* Doc. No. 6, Ex. D. Here, the Debtor commenced this adversary proceeding seeking, *inter alia*, to void liens on the Property and to quiet title to the Property in his name. *See generally Amended Complaint*. Through this adversary, the Debtor is attempting to relitigate his claim for the Property, the same thing that was litigated in the State Court Action.

As to the theories of recovery, the court does not know what theories the Debtor advanced in the State Court Action, as the court does not have a copy of his competing motion for summary judgment, nor did the Memorandum Decision discuss them at length, if at all.[13] Nonetheless, none

[13] The Memorandum Decision only notes that the Debtor argued "that [Castlerock] is precluded from including unpaid taxes and the failure to obtain insurance coverage because it was not pled in the original complaint." Doc. No. 6, Ex. D at 7.

---

of the Debtor's present theories for relief are based on facts or events that arose after the State Court Action. Rather, the factual bases underlying those theories existed well before the State Court Order was entered and, therefore, were or could have been raised in the State Court Action. *See Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 124 N.J. 398, 413, 591 A.2d 592, 599 (1991) ("If, under various theories, a litigant seeks to remedy a single wrong, then that litigant should present all theories in the first action. Otherwise, theories not raised will be precluded in a later action.") If the Debtor believes the deed transfers for the Property are void,[14] that he is the owner of the Property from allegedly satisfying the Land Contract and Note,[15] and/or that the Defendants lacked the proper real estate licensing in New Jersey,[16] he should have raised those theories, and in fact may have raised at least one of them, in the State Court Action. *See Amended Complaint* at 3-6; Watkins, 124 N.J. at 413. This factor weighs in favor of finding the causes of action sufficiently similar for purposes of *res judicata*.

---

[14] The Debtor alleges deeds were transferred during his active 2020 bankruptcy case and therefore violated the automatic stay, rendering the deeds void and making the State Court Order meaningless because it is based on void documents. *Amended Complaint*, ¶¶ 7-9. The Debtor cites no particular subsection of 11 U.S.C. § 362(a) that he believes was violated, nor did he cite any case law to support the alleged violation. The court notes that in general, post-petition mortgage assignments do not violate the automatic stay. *See In re Ahmadi*, 467 B.R. 782, 792 (Bankr. M.D. Pa. 2012); *In re Samuels*, 415 B.R. 8, 22 (Bankr. D. Mass. 2009). The court was unable to find case law that holds a transfer of a deed under similar circumstances violates the automatic stay. Nevertheless, all of this may be for naught as the Docket from the 2020 case actually reveals that: 1) the transfers the Debtor complains of *occurred in 2022*; 2) were *specifically disclosed* on the Docket in the Debtor's 2020 bankruptcy case at Doc. Nos 145 and 146; 3) that the Debtor objected to those transfers, Doc. No. 156; and 4) the court overruled the objection thereby allowing the transfers. Doc. No. 168. *See* Docket, Bankr. Case No. 20-14850-ABA.

[15] The Debtor provides no support for his argument that he paid off the Land Contract and is therefore the owner of the Property. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 129 S.Ct. at 1949. He does claim the contract was entered in 2019 and was paid off over five years. *Cross Motion* at 3. The court can only surmise, then, that the Debtor is claiming his contract was paid off by 2024, and if so, this theory could have been brought in the State Court Action. What is more, the Debtor contends that his paid-off balance is a "conclusively deemed admitted fact" under the Local Bankruptcy Rules of the Eastern District of New York, because Castlerock's counsel made a "litigation default" in the New York Bankruptcy. *See Amended Complaint* at 3; *Cross Motion* at 3. Despite providing no proof or meaningful explanation for his claim, the court is unaware of any legal authority that would turn this alleged "admitted fact" into property rights for the Debtor that are otherwise nonexistent. This premise is also completely at odds with the State Court Order where the State Court determined in 2025 that "It is also clearly and convincingly established, and not controverted by the defendant, that the total amount due and owing as of April 10 2025 is $64,520, …" Doc. No. 6, Ex. D. p.5. If the Debtor wants relief from that determination, he must seek relief from the State Court – not this court.

[16] The Debtor also argues that Castlerock was barred from maintaining suit or property claims in New Jersey due to a lack of proper licensing. *Amended Complaint* at 6. The Debtor provided no supporting evidence for this claim. It does appear that this issue was considered by the State Court because the Debtor raised it in April 2024 *before* the entry of the State Court Order making it problematic to assert the same claim now. *See* Doc. No. 6, Ex, B, p.2.

Third, the witnesses and evidence necessary to prove his claims in Counts II and IV would essentially be the same evidence relevant to his claim in the State Court Action. Any evidence to show he was the owner of the Property, such as receipts or other documents to show he satisfied the Land Contract, as well as any evidence or witness testimony showing that the deed transfers were void or that the Defendants lacked the proper licensing, could have been presented in the State Court Action. The second suit is not based on any new evidence or witnesses.[17]

Lastly, there are no new or changed material facts. The Debtor's arguments that he satisfied the Land Contract and that the Defendants lacked proper licensing in New Jersey are simply not new facts. He presented them to the State Court and they were presumably overruled as evidenced by the State Court Order. By the same token, his contention about the alleged void deeds is woefully misplaced considering he was well aware of the transfer of the deeds in his 2020 bankruptcy case, and the court overruled his objection in 2022 – well before the entry of the State Court Order and it is certainly not something new that is required to be addressed in this bankruptcy case and/or Adversary Proceeding.

The Debtor defaulted on his agreement with Castlerock, and the State Court determined that Castlerock was the owner of the Property and entitled to possession after considering all the evidence presented. The Amended Complaint is simply another attempt by the Debtor to relitigate his claim for possession of the Property in this bankruptcy court having been unsuccessful in the State Court. To be sure, the Debtor cannot circumvent the result reached in the State Court Action by repackaging his claims under different titles before this court. The Debtor's arguments as to why *res judicata* does not apply here are unconvincing if not unsupported.[18]

---

[17] Again, the Debtor's contention that the Land Contract's satisfaction was proven as an "admitted fact" from the New York Case has not been supported in any way. It is certainly not new evidence. *See supra* note 15. And such a contention seems inconsistent with the NY Bankruptcy Court's entry of the NY Adversary Order.

[18] The Debtor makes several arguments as to why *res judicata* cannot apply, none of which the court was able to find support for. The court will address the relevant arguments here. Notably, the Debtor's arguments address only the State Court Action, as he does not acknowledge the NY Adversary or otherwise address its preclusive effect. The Debtor argues that *res judicata* cannot apply because there has been a fraud on the State Court. *Cross Motion* at 6-7. However, there has yet to be any finding of fraud on the State Court, and as noted throughout this decision, any challenge to the State Court Order is properly raised before the State Court, which the Debtor has already done through his pending appeal.

The Debtor also argues that the parties are fundamentally different since he has added KML Law Group as a defendant. *Cross Motion* at 17. As noted previously, while the Debtor includes KML Law Group in the caption of his Cross Motion, KML Law Group is not a named defendant in the Amended Complaint. The Debtor cannot amend his pleading or add a defendant merely by including an additional party in the caption of a subsequently filed motion. *See* Fed. R. Bankr. P. 7015 and 7021; Fed. R. Civ. P. 15 and 21. In any event, the Debtor's inclusion of KML Law Group in the Cross Motion does not alter the court's *res judicata* analysis as to the Defendants, each of whom was a defendant in the NY Adversary and either a party or in privity with a party to the State Court Action.

In short, the Debtor seeks a second bite at the apple, but *res judicata* bars him from doing so. The law is clear, an entry of a final judgment in a state court of competent jurisdiction must be binding in a later bankruptcy proceeding. Otherwise, there would be chaos. "Imagine a legal system in which that were a winning strategy: If you whiff in state court, take your mulligan and come to federal court for another swing. State-court judgments would be near-worthless. To ensure those judgments receive the full faith and credit promised by the Constitution, art. IV, § 1, and to safeguard the efficiency and finality of litigation, we apply principles of preclusion." *In re Adams*, 151 F.4th 144, 152 (3d Cir. 2025). Consequently, if the Debtor wants to challenge the State Court's rulings, he must do so there. As a result of the above findings, Counts II and IV must also be dismissed on this additional basis.

## B. COUNT III MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

The only remaining claim is Count III – Compensatory and Punitive Damages for Willful Stay Violations Pursuant to 11 U.S.C. § 362(k)(1) – where the Debtor argues the Defendants committed a stay violation by instructing the Sheriff to complete the lockout of the Property and for the continued retention of the Property[19]. *Amended Complaint* at 5-6; *Cross Motion* at 6. This is just another example of the Debtor ignoring a previous ruling of a court and proceeding with an argument and/or claim for relief in bad faith. As noted above, in its *Order Denying Stay Pending Appeal* in the First 2026 Case, the court specifically found that because the First 2026 Case was an improper, invalid, and ineffective filing, there was no automatic stay in place to violate. First

Lastly, the Debtor also argues that by bringing an action under § 544(a)(3), he has stepped into the shoes of the Trustee and is "legally transformed into a completely separate entity," no longer acting in his individual capacity and thereby destroying any privity there may have been with the pre-petition debtor. *Cross Motion* at 19-21. While the Debtor *quotes* two cases to support this dubious proposition, *In re Marlar*, 267 F.3d 749, 754 (8th Cir. 2001) and *Brown v. Felsen*, 442 U.S. 127, 138-139 (1979), neither case contains the quoted language attributed to it, nor does either support the Debtor's proposition whatsoever. The Debtor acknowledged at the September 22, 2026 hearing that he used artificial intelligence in conducting his legal research. Given that acknowledgment, the court believes these misrepresentations of case law were the result of that use rather than an intentional effort to mislead the court. Furthermore, the court was unable to find any authority supporting his proposition. Altogether, the court is unpersuaded by any of the Debtor's arguments for why *res judicata* cannot apply.

[19] In reality, the retention of the property issue has already been resolved through the Debtor's *Motion for Turnover of Property* filed in the Main Case at Doc. No. 7. The Debtor has already admitted that personal property was promptly returned to the Debtor and there was no stay violation consistent with *City of Chicago, Illinois v. Fulton*, 592 U.S. 154, 161–62, 141 S. Ct. 585, 592, 208 L. Ed. 2d 384 (2021). The Court also determined that the Property is NOT property of the debtor or the debtor's estate subject to turnover. Thus, to the extent that Count III seeks relief already decided by the court, or contrary to what the court has already ordered, Count III has no basis for a claim for which relief can be granted.

---

2026 Case, Doc. No. 26 at 7-8. That ruling remains a final ruling. Thus, on the day of the lockout, there was no automatic stay in place for the Defendants to violate. What is more, if the Debtor is suggesting that there was a stay from his pending NY Bankruptcy Case, that argument is wrong as noted above, because Castlerock was granted relief from the automatic stay in that case to pursue its rights and remedies. Yet despite these rulings, rulings the Debtor was well aware of *BEFORE* he filed his Amended Complaint and Cross Motion, the Debtor still pursues them. The court is completely at a loss as to how the Debtor believes he is proceeding in good faith when asserting Count III.

If the Debtor is suggesting that the automatic stay from his past cases prevented the Defendants from taking the actions they took, he is wrong. The court has already discussed the alleged stay violations in his 2020 bankruptcy case, the New York Bankruptcy Case and the First 2026 Case. To be sure, the automatic stay in those cases terminated prior to the filing of the current case pursuant to 11 U.S.C. § 362(c). No stay from those cases was in place when the Debtor filed his current case. Along with that, the automatic stay does not spring back to a previous case upon the filing of a new one nor does that stay in the previous case carry forward to the new case. Each bankruptcy case is a separate and distinct filing – with its own protections specific to that case. The Debtor cited no case law or statute to otherwise support such an incongruous proposition, and the court could find none. The closest thing the court could find is 11 U.S.C. § 362(c)(3), applicable in this case, which actually limits the automatic stay on a repeat filing.[20] In the end, there was NO previous stay to carry over to this case.

The focus now is on this case. To that end, all the actions the Debtor complains of now clearly occurred pre-petition before this case was filed and therefore, Castlerock cannot be held accountable for violating the automatic stay in this case for *pre-petition actions* since the automatic stay only applies to post-petition acts, *In re APF Co.*, 274 B.R. 408, 416 (Bankr. D. Del. 2001) and maintaining the *status quo* as to those pre-petition actions is not a violation of the automatic stay. *City of Chicago, Illinois v. Fulton*, 592 U.S. 154, 161–62, 141 S. Ct. 585, 592, 208 L. Ed. 2d 384 (2021)

As to the Debtor's argument that the continued "willful lock-keeping of the keys and the unauthorized commercial marketing of a protected estate asset" violates the automatic stay, that claim also fails. *See Cross Motion* at 6. First, the Property is not Property is not a protected estate asset. Next, the Debtor identified no personal property as required by the Turnover Order. Finally, the Debtor does not identify which provision of § 362(a) the Defendants allegedly violated. Assuming *arguendo*, the Amended Complaint is asserting a violation of § 362(a)(3), the claim nevertheless fails. Section 362(a)(3) stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. §

---

[20] This limitation has no impact for purposes of this decision. It is noted only as an example.

---

362(a)(3). "Broadly defined, the estate consists of 'all legal and equitable interests of the debtor in property.'" *In re Steel Wheels Transp., LLC*, No. 06-15377 DHS, 2011 WL 5900958, at *5 (Bankr. D.N.J. Oct. 28, 2011); *In re O'Dowd*, 233 F.3d 197, 202 (3d Cir. 2000) ("the estate encompasses everything that the debtor owns upon filing a petition...") "While federal law defines what types of property comprise the estate, state law generally determines what interest, if any, a debtor has in property." *O'Dowd*, 233 F.3d at 202. Importantly, ***"[f]iling for bankruptcy does not create new property rights or value where there previously were none."*** *In re Majestic Star Casino, LLC*, 716 F.3d 736, 751 (3d Cir. 2013) (quoting *In re Messina*, 687 F.3d 74, 82 (3d Cir. 2012)) (emphasis added).

Here, there can be no violation of the automatic stay for the continued possession of the Property because at the time this bankruptcy commenced, i.e., when the petition was filed in this case, ***the Property was not property of the estate.*** It was already determined that Castlerock was the owner of the Property in the State Court Action in May of 2025 in which the State Court explicitly held "[i]t is clearly and convincingly established that [Castlerock] is the owner of the property," Doc. No. 6, Ex. D, thereby removing any possibility that the Debtor has a legal interest in the Property. *See In re St. Clair*, 251 B.R. 660, 666 (D.N.J. 2000), *aff'd sub nom. St. Clair v. Wood*, 281 F.3d 224 (3d Cir. 2001) (finding that "Property would not be property of the debtors' estate upon the filing of a future bankruptcy" where, like here, state court awarded possession of the property to the creditor). The language of the State Court Order is clear. There is no room for any other interpretation. And while "a possessory interest in real property is within the ambit" of the bankruptcy estate, *In re Atl. Bus. & Cmty. Corp.*, 901 F.2d 325, 328 (3d Cir. 1990), that simply does not apply to the Property here as the Debtor was removed from the Property on June 16, 2026, over a month before *this case was filed*, when the Sheriff executed the Writ of Possession. *Amended Complaint*, ¶11. Further, upon issuance of the Writ of Possession, any possessory interest the Debtor had, whether by tenancy at sufferance or otherwise, was expunged. *St. Clair*, 251 B.R. at 665. *See also Matter of Varquez*, 502 B.R. 186, 189 (Bankr. D.N.J. 2013) ("The writ of possession issued against the property was executed the day before the bankruptcy filing. As a result, at the time of the filing, the debtors had lost their legal and equitable interest in the property.") Likewise, here, at the time of the filing of this case, the Debtor had lost his legal and equitable interest in the Property. Whatever legal, equitable, or possessory interest the Debtor may previously have held in the Property, it did not become property of his bankruptcy estate in this case as those interests had been extinguished prior to the petition date. Likewise, the Debtor failed to identify any personal property that was not returned to him as required by the Turnover Order. Accordingly, because the Property is not property of the estate, and the Debtor has not identified any personal property that has not been returned to him, there can be no violation of § 362(a)(3), and Count III must be dismissed for failure to state a claim for which relief can be granted. *See Sklar v. Grassi*, No. AP 19-2292-ABA, 2020 WL 3088798, at *6 (Bankr. D.N.J. June 10, 2020) ("Because the Inheritance was not property of the estate, there could be, nor can there be no stay violation when the Executor distributed/distributes the Inheritance."); *In re Marrero*, 17-06915,

2018 WL 5281626, at *3 (Bankr. D.P.R. Oct. 22, 2018) (finding that lease expired pre-petition and therefore was not property of the estate and no stay violation could have occurred); *In re Gunn*, 13-2271-JCO, 2017 WL 3172750, at *4 (Bankr. S.D. Ala. July 25, 2017) ("Because the Property was not property of the estate when Equity Ventures purchased the Property from the State on August 8, 2014, the stay did not apply to the Property and thus, there was no violation."); *In re Log, LLC*, 10-80378, 2010 WL 4774347, at *5 (Bankr. M.D.N.C. Nov. 9, 2010) (no stay violation where property owned by guarantors of debtor's debt not property of the estate).

Count III fails to state a claim upon which relief can be granted and, therefore, must be dismissed.

**Ultimately, The Court Would Permissively Abstain**
**From Determining Counts I, II, and IV**

Even if the court believed it was able to adjudicate the Debtor's claims within Counts I, II, and IV seeking to set aside the State Court Order which determined Castlerock was the owner of the Property, it would not. Under Count I, the Debtor claims that the State Court Order is void under New Jersey property execution law.[21] As to Counts II and IV, these claims include that: the Debtor allegedly made full payment of the Land Contract rendering him the owner of the Property; certain past deed conveyances violated the automatic stay and the use of those deed conveyances in the State Court Action constituted a fraud on the State Court; and that Castlerock lacked the proper licensure to practice real estate brokerage or mortgage servicing in New Jersey in violation of the New Jersey Consumer Fraud Act – which the Debtor believes constituted another fraud on the State Court. *See Amended Complaint* at 2-10; *Cross Motion* at 6-16.

As noted, the court is bound by the valid State Court Order. Until that Order is set aside, the Property is NOT property of the Debtor or the bankruptcy estate. Thus, quieting title in favor of the Debtor or granting any other related relief is not appropriate unless and until the Debtor obtains an order setting aside the State Court Order. To that end, to the extent the Debtor's arguments are not all barred by *res judicata*, the court finds that permissive abstention over Counts I, II, and IV pursuant to 28 U.S.C. § 1334(c)(1) would be appropriate.

Courts typically consider twelve factors when evaluating whether permissive abstention is warranted under § 1334(c)(1):

(1) The effect or lack thereof on the efficient administration of the estate;

[21] The Debtor uses the phrase "local county ejectment judgment", which the court interprets to mean the Order Granting Summary Judgment for Possession, i.e., the State Court Order. If the Debtor was instead referring to the Writ of Possession, the same analysis will apply.

Case 26-01340-ABA Doc 11 Filed 10/08/26 Entered 10/08/26 08:28:50 Desc Main Document Page 20 of 21



---

> (2) the extent to which state law issues predominate over bankruptcy issues;
> (3) the difficulty or unsettled nature of the applicable state law;
> (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
> (7) the substance rather than the form of an asserted "core" proceeding;
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
> (9) the burden of the court's docket;
> (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
> (11) the existence of a right to a jury trial; and
> (12) the presence in the proceeding of non-debtor parties.

*In re DHP Holdings II Corp.*, 435 B.R. 220, 223–24 (Bankr. D. Del. 2010); *In re Venoco, LLC*, 596 B.R. 480, 492–93 (Bankr. D. Del. 2019), *aff'd*, 610 B.R. 239 (D. Del. 2020), *aff'd sub nom. In re Venoco LLC*, 998 F.3d 94 (3d Cir. 2021). "Ultimately, the decision is left up to the broad discretion of the bankruptcy court." *DHP Holdings II Corp.*, 435 B.R. at 224 (internal citations omitted); *In re G-I Holdings, Inc.*, 580 B.R. 388, 422 (Bankr. D.N.J. 2018) ("The decision to exercise permissive abstention is committed to the sound discretion of the court").

Clearly, as set forth above, many of the factors exist favoring abstention. First, state law issues clearly predominate. Determining whether the Debtor fulfilled the Land Contract and is the owner of the Property presents issues of state contract and property law. Likewise, the applicable New Jersey licensure requirements, alleged violations of the New Jersey Consumer Fraud Act, and the legal effect of Castlerock's alleged failure to perfect the State Court Order are all matters of state law. Moreover, as to the Debtor's allegations that Castlerock committed numerous frauds upon the State Court, the State Court is the more appropriate forum to determine whether such fraud was committed upon it in connection with the proceedings before it. These considerations also implicate a second factor considered by the court – the difficulty or unsettled nature of the applicable state law. While the court does not view each issue to be particularly difficult or unsettled, their resolution would require the court to interpret New Jersey law in areas in which the state courts possess greater expertise. *See In re Abruzzo*, 1999 WL 1271761, at *3 (Bankr. E.D. Pa. Dec. 28, 1999) (noting state courts have more experience and expertise than bankruptcy courts in foreclosure matters). Abstention therefore promotes comity and consistency in the interpretation and application of state law.

Next, and most importantly, there is a related proceeding commenced in state court, as the State Court Order is already under appeal. It is there where the Debtor has already begun to challenge the findings of the State Court. Since there is an appeal pending, there is no need for the court to duplicate those efforts, particularly where the state appellate court is better suited to address the state law issues being raised by the Debtor and can provide the relief he seeks here. And finally, another factor weighs in favor of abstention – the burden imposed upon the court's docket by the demand to address these claims. Effectively, the Debtor is asking the court to address the same issues already being litigated in state court on appeal there. Again, the relief sought is clearly available to the Debtor in state court. He is primarily challenging the State Court Order, and his appeal of that Order is already underway. There is no need for the court to expend its time and resources on something that is already being litigated in another forum, which, in fact, is better suited to hear the claims in the first place.[22] All of this favors abstention over Counts I, II, and IV. *See G-I Holdings, Inc.*, 580 B.R. at 422.

## <u>Summary Judgment</u>

Since the court has determined that the Debtor fails to state a claim upon which relief may be granted and/or the Debtor's claims are barred by *res judicata,* the Debtor has not shown he is entitled to a judgment as a matter of law as required under Fed. R. Civ. P. 56(a). The Cross Motion must be denied.

## CONCLUSION

The remaining allegations of the Amended Complaint that have not been specifically addressed are irrelevant, nonsensical, of no consequence, misplaced, and/or unsupported by the facts and law which require no further attention from the court. Accordingly, the Debtor's claims fail to state a claim upon which relief may be granted and/or are barred by *res judicata*. The Motion is GRANTED, the Cross Motion is DENIED, and the Adversary Proceeding is DISMISSED WITH PREJUDICE.

Dated: October 8, 2026 /s/ Andrew B. Altenburg, Jr., Judge
United States Bankruptcy Court

---

[22] The court notes that courts typically place more weight on the following factors, "(1) the effect on the administration of the estate, (2) whether the claim involves only state law issues, and (7) whether the proceeding is core or non-core." *See DHP Holdings II Corp.*, 435 B.R. at 224 (internal citations omitted). Here, the court finds that the predominance of state law issues, the pending state court appeal, and the burden on the court's docket weigh strongly enough in favor of abstention that the court need not address the first and seventh factors. *See G-I Holdings, Inc.*, 580 B.R. at 422 ("The decision to exercise permissive abstention is committed to the sound discretion of the court").

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Order Filed on September 22, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

2026 OCT 22 P 4: 0
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED
CLERK

| | |
|---|---|
| In Re:<br><br>Cornelius Stephens,<br><br>Debtor. | Case No.: 26-18311-ABA<br>Chapter: 13<br><br>Hearing Date: September 1, 2026 at 10:00 a.m.<br><br>Judge: Andrew B. Altenburg, Jr. |

**ORDER DENYING MOTION FOR TURNOVER OF PROPERTY, IN PART AND HOLDING DECISION IN ABEYENCE IN PART**

The relief set forth on the following page, numbered two (2) through fifteen (15), is hereby **ORDERED.**

**DATED: September 22, 2026**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

---

**THIS MATTER** having come before the court on Debtor, Cornelius Stephens' *Motion for Turnover of Property* (Doc. No. 7); and Castlerock 2017 LLC having filed opposition (Doc. No. 23); and the Debtor having filed a response thereto (Doc. No. 25); and a hearing having been held on September 1, 2026; and for the reasons set forth in the attached Memorandum Decision; it is

**ORDERED** that the Motion for Turnover of Property as to real property located at 33 Main Street, Pennsville, New Jersey, 08070 and the physical keys to that property is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Turnover of Property as to personal property is held in abeyance and conditioned on the following:

1. Two (2) weeks from the date of this Order, the Debtor must file on the Docket in this case a certification and actual proof by way of evidence/exhibits to:
   a. to establish or identify what property of the estate remains in the possession, custody or control of Castlerock and/or the Sheriff; and
   b. that the property can be used in accordance with the provisions of section 363; and
   c. the property has more than inconsequential value to the Debtor's estate. To that end, the Debtor must establish values of said property and proof of how that value was determined.
2. Should the Debtor fail to timely comply with this Order, including but not limited to the filing of a certification and actual proof by way of evidence/exhibits, the Motion as to the personal property will be **DENIED.**
3. Castlerock will have two (2) weeks from the date that the Debtor's certification and evidence/exhibits are filed on the court's Docket to respond with its own certification and evidence/exhibits. Should Castlerock fail to timely file this required information, its failure to do so will be deemed an admission to and acceptance of the Debtor's submission.

**IT IS FURTHER ORDERED** that after the deadlines for the parties' submissions to the court, if necessary, the court will advise the parties of the need for further submissions and/or a plenary hearing.

## MEMORANDUM DECISION

Before the court is the *Motion for Turnover of Property* filed by the Debtor, Cornelius Stephens (the "Motion") and the opposition filed by Castlerock 2017 LLC ("Castlerock"). Because the court cannot grant the relief requested, and/or more information is required, the Motion is denied in part as to the real property and judgment is reserved until the Debtor can provide specific information about the personal property he alleges is missing.

## PROCEDURAL HISTORY

On July 22, 2026, the Debtor, Cornelius Stephens (the "Debtor"), filed this Chapter 13 Voluntary Petition. Doc. No. 1. This is the second case the Debtor has had pending within the preceding one year period. His first case, Bankr. Case No. 26-16945 (the "First Case"), was dismissed on June 30, 2026. *See Clerk's Evidence of Previous Dismissal*, dated July 23, 2026.[1] Also on July 22, 2026, the Debtor filed his *Motion for Turnover of Property* (the "Motion"). Doc. No. 7. The Debtor and his family had previously resided at real property located at 33 Main Street, Pennsville, New Jersey, 08070 (the "Property"). Doc. No. 7-1, at 1-2.

On June 16, 2026, the Sheriff's Department of Salem County ("Sheriff"), on behalf of Castlerock, completed a lockout of the Property pursuant to and in execution of a writ of possession (the "Writ of Possession") from the Superior Court of New Jersey, Chancery Division, Salem County, Docket No. C-000010-19 (the "State Court" and the "State Court Action"). Doc. No. 7-1, at 2; Doc. No. 23, ¶4; Doc. No. 23, Ex. B. Finally, the Debtor also filed an Adversary Proceeding, Adv. Pro. No. 26-01340, seeking recovery of the Property, declaratory relief related to its ownership, and actual, compensatory, and punitive damages related to fraud and stay violations under similar theories raised in the Motion.

The Debtor's Motion seeks an order commanding Castlerock to deliver all physical keys, vacate the Property, and grant re-entry to the Property pursuant to 11 U.S.C. §§ 105(a) and 542.[2] Furthermore, the Debtor seeks a turnover of his personal property, including personal identifying information such as birth certificates and secure financial records that he alleges were damaged

---

[1] The court can and does take judicial notice of the Docket of the First Case. Fed. R. Evid. 201, incorporated in these proceedings by Fed. R. Bankr. P. 9017. *See Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014); *In re Indian Palms Associates, Ltd.*, 61 F.3d 197, 205 (3d Cir. 1995); *Thomas v. TEKsystems, Inc.*, No. 2:21-CV-460, 2026 WL 409272, at *1 (W.D. Pa. Feb. 11, 2026); *In re Davis*, 597 B.R. 770, 773 (Bankr. M.D. Pa.2019).

[2] The Debtor listed the Property on Schedule C of the Petition and claimed an exemption under 11 U.S.C. § 522(d)(1), which he argues gives him standing to protect his possessory interests.

and/or stolen.[3] Doc. No. 7, ¶5 and p. 6. Lastly, the Debtor also challenges prior transfers of title to the Property and therefore the validity of the outcomes in the State Court Action. *See generally* Doc. Nos. 7 and 25.

Castlerock filed opposition. Doc. No. 23 (the "Opposition"). The Debtor filed a response thereto. Doc. No. 25. Upon request of the court, Castlerock filed an additional certification. Doc. No. 26. The court conducted a hearing on September 1, 2026, at which time both parties appeared and made argument. The hearing is concluded, and the record is closed. This matter is now ripe for disposition. This Memorandum Decision constitutes this court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## DISCUSSION

The background pertaining to the ownership of the Property is dispositive here. The Debtor and Castlerock entered into a Land Contract/Contract for Deed dated July 19, 2018, as well as a Promissory Note dated August 1, 2018, executed by Castlerock and the Debtor (collectively, the "Land Contract and Note"), wherein Castlerock agreed to sell the Property. Doc. No. 26, Ex. A. The Debtor subsequently breached the Land Contract and Note and Castlerock filed a Complaint to commence the State Court Action on June 24, 2019. Doc. No. 26, ¶5. After years of litigation before the State Court, Castlerock obtained a final Order Granting Summary Judgment for Possession (the "State Court Order") against the Debtor on May 9, 2025. The State Court Order also included a judgment for monetary damages in favor of Castlerock and against the Debtor in the amount of $64,520.00 and required the Debtor to vacate the Premises on or before June 1, 2025. Doc. No. 26, ¶7 and Ex. D. Importantly, the memorandum decision published along with the State Court Order (the "Memorandum Decision") states, "***[i]t is clearly and convincingly established that [Castlerock] is the owner of the property.***" *Id.* at Ex. D (emphasis added). Castlerock then obtained the Writ of Possession on April 20, 2026. *Id.* at Ex. E.

The Sheriff served the Writ of Possession on the Debtor and scheduled a lockout on June 16, 2026. Shortly before the lockout took place, the Debtor filed an Emergency Motion to Stay the Writ of Possession in the State Court Action, but the Motion was promptly denied by the State Court on June 11, 2026. *Id.* at ¶11 and Ex. F. The Sheriff completed the lockout on June 16, 2026, giving rise to the Debtor's filing of his First Case. *See* Doc. No. 26, ¶12.

Two days after the First Case was filed, the Debtor filed his *Motion re: With Shortened Notice for Contempt Sanctions and Punitive Damages for Willful Violation of the Automatic Stay*

---

[3] Castlerock and/or the Sheriff relocated the Debtor's possessions to a storage facility which the Debtor was subsequently given access to after the lockout and the Debtor confirmed at the hearing on September 1, 2026, that he removed his personal property from storage already. Doc. No. 7, ¶4-5. Consequently, his relief is limited to only those items of personal property which he claims to be missing or broken – something, except as noted, he has yet to identify to the court.

---

("Contempt Motion"). First Case, Doc. No. 11. *See also* Doc. No. 26, ¶12. The court denied the Contempt Motion stating that:

> ORDERED that the aforesaid motion is denied. Debtor has a pending bankruptcy case in the Eastern District of New York, Bankruptcy Case No. 25-43801. And since a debtor may not have 2 pending bankruptcy cases at the same time, this court has no jurisdiction to consider this application. Any application should be made in the Eastern District of New York.

First Case, Doc. No. 12. That ruling is currently on appeal in the United States District Court, District of New Jersey, Case No.: 26-cv-07498. Doc. No. 21, and a *Motion To Stay Pending Appeal*, Doc. No. 22. The court entered an *Order Denying Stay Pending Appeal* in the First Case, Doc. No. 26 [4], finding that, *inter alia*:

> This Court issued the ruling now being appealed and given the majority view of the courts which have addressed the issue presented with the simultaneous filing of the chapter 13 case and the significant distinguishable facts from the cases relied on by the Debtor, it stands by that ruling. *The [First] Case was an improper and ineffective filing. As such, there was no stay in effect for the creditors and/or its agents to violate. . .*
>
> ... Castlerock proceeded with the enforcement of its rights with court authority. The Debtor seeks to sanction it for its apparently lawful efforts. *Again, because the [First] Case was improper, invalid, and ineffective, there was no stay in place to violate.*

First Case, Doc. No. 26 at 7-8 (emphasis added). That ruling is not on appeal. The First Case was dismissed on June 30, 2026. First Case, Doc. No. 30.

**<u>The Motion for Turnover</u>**

Pursuant to Section 542(a) of the Bankruptcy Code, "an entity...in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363...shall deliver to the trustee, and account for, such property or the value of such property...." 11 U.S.C. § 542(a). To establish a turnover claim, the party seeking turnover has the burden to prove that:

(1) The property is in the possession, custody or control of another entity;
(2) The property can be used in accordance with the provisions of section 363; and
(3) The property has more than inconsequential value to the debtor's estate.

---

[4] For a detailed background of the tortured history of the Debtor's multiple attempts to avoid the lien of Castlerock and/or prevent it from enforcing its rights against the Property, see the court's *Order Denying Stay Pending Appeal* in the First Case.

*In re Steel Wheels Transp., LLC*, No. 06-15377 DHS, 2011 WL 5900958, at *5 (Bankr. D.N.J. Oct. 28, 2011); *In re Patriot Nat'l Inc.*, 592 B.R. 560, 573 (Bankr. D. Del. 2018); *In re Irwin*, 509 B.R. 808, 815 (Bankr. E.D. Pa. 2014). Above all, for a turnover action to succeed, the moving party must also prove that the property sought to be turned over ***is property of the estate***. *In re Kaspar*, 667 B.R. 195, 220 (Bankr. S.D.N.Y. 2025) (emphasis added) ("for section 542(a) to apply, there must be no dispute that the property that is the object of the turnover claim **is estate property**."); *In re Zetta Jet USA, Inc.*, 624 B.R. 461, 507 (Bankr. C.D. Cal. 2020) ("To prevail on a turnover cause of action, the [movant] must show…***the property constitutes property of the estate***") (emphasis added). "Broadly defined, the estate consists of 'all legal and equitable interests of the debtor in property.'" *Steel Wheels Transp.*, 2011 WL 5900958, at *5; *In re O'Dowd*, 233 F.3d 197, 202 (3d Cir. 2000) ("the estate encompasses everything that the debtor owns upon filing a petition...") "While federal law defines what types of property comprise the estate, state law generally determines what interest, if any, a debtor has in property." *Id.* Importantly, "***[f]iling for bankruptcy does not create new property rights or value where there previously were none***." *In re Majestic Star Casino, LLC*, 716 F.3d 736, 751 (3d Cir. 2013) (quoting *In re Messina*, 687 F.3d 74, 82 (3d Cir. 2012)) (emphasis added).

**The Motion as to the Property is Denied**

The Debtor's repeated arguments in the Motion and Reply Brief, Doc. No. 25, continue to ignore one consequential point, a point that the Debtor admitted at the hearing on September 1, 2026 – the court does not have jurisdiction to set aside the State Court Order. Audio Recording at 11:19:45-11:20:45. All of his arguments are attacks on the validity of the State Court Order, which order, is something the court cannot ignore. Simply put, unless or until the Debtor obtains relief from that State Court Order, the court is bound by it.

And because the court is bound by the State Court Order, it cannot order a turnover of the Property because at the time this bankruptcy commenced,[5] i.e., when the petition was filed in this case, ***the Property was not property of the estate.*** It was already determined that Castlerock was the owner of the Property in the State Court Action in May of 2025 in which the State Court explicitly held "[i]t is clearly and convincingly established that [Castlerock] is the owner of the property", Doc. No. 26, Ex. D, thereby removing any possibility that the Debtor has a legal interest in the property. *See In re St. Clair*, 251 B.R. 660, 666 (D.N.J. 2000), *aff'd sub nom. St. Clair v. Wood*, 281 F.3d 224 (3d Cir. 2001) (finding that "Property would not be property of the debtors' estate upon the filing of a future bankruptcy" where, like here, state court awarded possession of the property to the creditor). The language of the State Court Order is clear. There is no room for any other interpretation. And while "a possessory interest in real property is within the ambit" of the bankruptcy estate, *In re Atl. Bus. & Cmty. Corp.*, 901 F.2d 325, 328 (3d Cir. 1990), that simply does not apply to the Property here as the Debtor was removed from the Property on June 16, 2026,

[5] The Debtor also admits that we are only dealing with the filing of *__the current case__*. Audio Recording at 11:23:09-11:23:33.

---

over a month before *this case was filed*, when the Sheriff executed the Writ of Possession. Doc. No. 7-1, ¶4. Further, upon issuance of the Writ of Possession, any possessory interest the Debtor had, whether by tenancy at sufferance or otherwise, was expunged. *St. Clair*, 251 B.R. at 665. *See also Matter of Varquez*, 502 B.R. 186, 189 (Bankr. D.N.J. 2013) ("The writ of possession issued against the property was executed the day before the bankruptcy filing. As a result, at the time of the filing, the debtors had lost their legal and equitable interest in the property.") Likewise, here, at the time of the filing of this case, the Debtor had lost his legal and equitable interest in the Property. Whatever legal, equitable, or possessory interest the Debtor may previously have held in the Property, it did not become property of his bankruptcy estate in this case as those interests had been extinguished prior to the petition date. Accordingly, the Property is not property of the estate and the Debtor's motion for turnover must be denied as to a turnover of the Property. *See* 11 U.S.C. § 541(a); *Kaspar*, 667 B.R. at 220; *O'Dowd*, 233 F.3d at 202; *In re Barel*, No. 21-1849, 2021 WL 4279594, at *2 (3d Cir. 2021) ("[The creditor] was the owner of the property at the time [debtor] filed for bankruptcy protection and, therefore, the property did not become part of the bankruptcy estate"); *In re Dollar Rons II, LLC*, No. 07-17955, 2008 WL 1767064, at *4 (Bankr. D.N.J. Apr. 11, 2008) (denying debtor's request for turnover of inventory because it was not property of the estate); *In re S-Tran Holdings, Inc.*, 414 B.R. 28, 34 (Bankr. D. Del. 2009) (denying debtors' turnover action because property that is not property of the estate is not recoverable under § 542).[6]

Moreover, to the extent the Debtor is attempting to relitigate his claim for possession of the Property under the guise of a § 542(a) turnover action, the claim is barred by *res judicata*. Although styled as a request for turnover, the Debtor's claim arises from the same underlying transaction and circumstances at issue in the State Court Action. His contentions that the deed transfers were fraudulent and therefore void, as well as his argument that he satisfied the Land Contract and is the rightful owner of the Property, were raised or could have been raised in the contentious State Court Action. *See generally* Doc. Nos. 7 and 25. The State Court already clearly and unequivocally determined Castlerock was the owner of the Property and granted it possession. *See* Doc. No. 26, Ex. D, p. 5. Despite the Debtor's admission that the court does not have jurisdiction to set aside the State Court Order, given the arguments written in the Motion, the court finds it necessary to explain why the Debtor's claims are barred by *res judicata*.

"Under 28 U.S.C. § 1738 a federal court must refer to the preclusion law of the state in which the judgment was entered, in this case, New Jersey." *In re Baals*, No. 21-13750, 2023 WL 1856638, at *3 (Bankr. D.N.J. Feb. 8, 2023) (*citing In re Chung-Hwan Kim*, 2018 WL 671467, *34 (Bankr. D.N.J. Jan. 31, 2018)).

---

[6] The Debtor's reliance on *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) is misplaced here. *See* Doc. No. 7-1, ¶11. It speaks of an action against the Debtor *in rem*. As of the date of the filing of this case, the Debtor had no *in rem* interest in the Property as determined by the State Court and evidenced in the State Court Order as well as his lack of possession of the Property as explained above.

---

> The doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought. *Post v. Hartford Ins. Co.*, 501 F.3d 154, 169 (3d Cir.2007). It "protect[s] litigants from the burden of relitigating an identical issue with the same party or his privy and ... promot[es] judicial economy by preventing needless litigation." *Id.* (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)). Both New Jersey and federal law apply res judicata or claim preclusion when three circumstances are present: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Id.* (quoting *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir.1991)).

*In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008).

It is clear the first two elements are present, as the State Court Order was a final judgment on the merits and the prior suit involved the same parties, the Debtor and Castlerock, and they fully participated in that action. The third element requires additional analysis. To decide if two causes of action are the same, courts must determine:

> (1) whether the acts complained of and the demand for relief are the same (that is, whether the wrong for which redress is sought is the same in both actions); (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same (that is, whether the same evidence necessary to maintain the second action would have been sufficient to support the first); and (4) whether the material facts alleged are the same.

*Smith & Wesson Brands, Inc. v. Att'y Gen. of New Jersey*, 105 F.4th 67, 76 (3d Cir. 2024) (citing *Wadeer v. N.J. Mfrs. Ins. Co.*, 220 N.J. 591, 110 A.3d 19, 28 (2015)).

First, the demand for relief in both actions is essentially the same. In the State Court Action, there were competing motions for summary judgment for possession of the Property. *See* Doc. No. 26, Ex. D. Here, the Debtor has filed a motion for turnover of property, asking the court to command Castlerock to vacate the premises and grant the Debtor unhindered re-entry to the Property. Doc. No. 7-1, at 6. Yes, it is framed as a turnover of property of the estate, but it is the exact relief the parties fought for in the State Court Action – possession of the Property.

As to the theories of recovery, the court does not know what theory the Debtor advanced in the State Court Action, as the court does not have a copy of his competing motion for summary judgment nor did the Memorandum Decision discuss them at length, if at all.[7] Nonetheless, none

---

[7] The Memorandum Decision only notes that the Debtor argued "that [Castlerock] is precluded from including unpaid taxes and the failure to obtain insurance coverage because it was not pled in the original complaint." Doc. No. 26, Ex. D, at 7.

---

of the Debtor's present theories for relief are based on facts or events that arose after the State Court Action. Rather, the factual bases underlying those theories existed well before the State Court Order was entered and, therefore, were or could have been raised in the State Court Action. *See Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 124 N.J. 398, 413, 591 A.2d 592, 599 (1991) ("If, under various theories, a litigant seeks to remedy a single wrong, then that litigant should present all theories in the first action. Otherwise, theories not raised will be precluded in a later action.") If the Debtor believes the deed transfers for the Property are void[8] and/or that he is the owner of the Property from allegedly satisfying the Land Contract and Note,[9] he should have raised those theories in the State Court Action. *See* Doc. No. 7-1, at 4; Watkins, 124 N.J. at 413. This factor weighs in favor of finding the causes of action sufficiently similar for purposes of *res judicata*.

Third, the witnesses and evidence would be the same in this action as they were in the first action. In the first action, the State Court reviewed the Land Contract, analyzed the deed, and found that "it is clearly and convincingly established that [Castlerock] is the owner of the property." Doc. No. 25, Ex. D. Here, in order to determine if there was property of the estate to turn over, the court must consider "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). As such, the court would look to the same evidence as the State Court to determine if the Debtor had any interest in the Property. The State Court has already done this. There are no new witnesses or evidence.

Lastly, and on the same note, there are no new facts. The Debtor is hanging his argument on alleged void deeds and his contention that he satisfied the Land Contract. *See generally* Doc. Nos. 7 and 25. But the material facts underlying his claim have not changed. The Debtor defaulted on his agreement with Castlerock, and the State Court determined that Castlerock was the owner

---

[8] The Debtor alleges deeds were transferred during an active bankruptcy he had filed in 2020 (Bankr. Case No. 20-14850-ABA) which therefore violated the automatic stay, rendering the deeds void. Doc. No. 7, ¶¶6-7. As an initial matter, this issue is not properly before the court in this motion for turnover in the Debtor's *current bankruptcy case*. At the same time, the Debtor cites no particular subsection of 11 U.S.C. § 362(a) that he believes was violated, nor did he cite any case law to support the alleged violation. The court notes that in general, post-petition mortgage assignments do not violate the automatic stay. *See In re Ahmadi*, 467 B.R. 782, 792 (Bankr. M.D. Pa. 2012); *In re Samuels*, 415 B.R. 8, 22 (Bankr. D. Mass. 2009). The court was unable to find case law that holds a transfer of a deed under similar circumstances violates the automatic stay. Most importantly, this argument was available to the Debtor during the State Court Action and was or could have been raised there and the Debtor is prevented from now bringing the argument here.

[9] To support his argument that he paid off the Land Contract and is therefore the owner of the Property, the Debtor attaches receipts purportedly showing payments made on the Property. Doc. No. 7, Ex. B. The most recent payment dates back to 2023, years before the State Court Order was entered. Thus, this theory could have been brought in the State Court Action. What is more, the Debtor contends that his paid-off balance is a "conclusively deemed admitted fact" under the Local Bankruptcy Rules of the Eastern District of New York, because Castlerock's counsel made a "litigation default" in the New York Bankruptcy. *See* Doc. No. 7-1, at 4; Doc. No. 25, at 12. Despite providing no proof or meaningful explanation for his claim, the court is unaware of any legal authority that would turn this alleged "admitted fact" into property rights for the Debtor that are otherwise nonexistent.

of the Property and entitled to possession. This is merely a second attempt by the Debtor to relitigate his claim for possession of the Property in the bankruptcy court. He cannot circumvent the result reached in the State Court Action by repackaging that claim as a motion for turnover of property. Simply put, the Debtor seeks a second bite at the apple, and *res judicata* bars him from doing so. The law is clear, an entry of a final judgment in a state court of competent jurisdiction must be binding in a later bankruptcy proceeding. *In re Adams*, 151 F.4th 144, 152 (3d Cir. 2025) ("Imagine a legal system in which that were a winning strategy: If you whiff in state court, take your mulligan and come to federal court for another swing. State-court judgments would be near-worthless. To ensure those judgments receive the full faith and credit promised by the Constitution, art. IV, § 1, and to safeguard the efficiency and finality of litigation, we apply principles of preclusion.") Consequently, if the Debtor wants to challenge the State Court rulings, he must do so there.[10]

Through his Motion, the Debtor is attempting to "put the cart before the horse." He believes the State Court was wrong in its decision and that he will prevail in his appeal,[11] but nevertheless wants this court to ignore the State Court order now and require an immediate turnover of the Property. This, the court cannot and will not do. And while the court does not necessarily disagree with the idea that the transfers might be void *ab initio* should the State Court order be set aside, such a determination now is woefully premature. The Motion, as it pertains to the turnover of the Property, is **DENIED.**

**The Court's Decision on the Motion as to the Personal Property is Reserved.**

The Debtor admits that upon learning of the filing of this bankruptcy case, Castlerock and/or the Sheriff provided physical access to the storage facility where his personal items from the Property had been removed to. The Debtor retrieved his items. Doc. 7-1, ¶ 5. The court finds that Castlerock and/or the Sheriff acted well within the mandate of *City of Chicago, Illinois v. Fulton*, 592 U.S. 154, 161–62, 141 S. Ct. 585, 592, 208 L. Ed. 2d 384 (2021) and even went one step further by turning the personal property over to the Debtor before the Debtor obtained an order for turnover. Thus, to the extent that personal property has already been returned to the Debtor, there is no stay violation and there is no need for a turnover order.

---

[10] The Debtor also argues that Castlerock was barred from maintaining suit or property claims in New Jersey due to a lack of proper licensing. Doc. No. 25, at 6-9. The Debtor provided no supporting evidence for this claim. Nevertheless, for the same reasons previously stated, this claim must likewise be brought in the State Court Action, as the court does not have the authority to undo the State Court Order.

[11] The Debtor alleges that the State Court Action is currently on appeal under NJ Appellate Division Docket No. A-2994-24. *See* Doc. No. 7-1, ¶8. One would assume that if the Debtor were successful in his appeal, he would achieve the same result he is seeking here.

---

Nevertheless, the Debtor now claims that his personal "property had been severely broken and destroyed, multiple essential assets were stolen, and his vital personal identifying documents, birth certificates, and secure financial records were intentionally taken, ransacked, and withheld, creating an active privacy and identity security threat." Doc. 7-1, ¶ 5. The Debtor demands all physical keys and a return of all seized personal identity documents, birth certificates, and secure computing files. Doc. 7-1, at 4.

As noted above, to establish a turnover claim, the party seeking turnover has the burden to prove that: the property is property of the estate; the property is in the possession, custody, or control of another entity; the property can be used in accordance with the provisions of section 363; and the property has more than inconsequential value to the debtor's estate. If a debtor successfully pleads that he or she is entitled to a turnover of property pursuant to 11 U.S.C. § 542, and the property sought cannot be turned over because it has been lost or disposed of, the value of that property must be turned over. *In re Pilate*, 487 B.R. 345, 351 (Bankr. D.D.C. 2013) ("If the entity is no longer in possession of the property at the time of the turnover proceeding, then the entity must account for and deliver 'the value of such property'").

The Debtor's request for turnover of the physical keys to the Property is **DENIED** for all the reasons set forth in the sections above. The Property is not property of the estate and therefore, the Debtor is not entitled to receive the physical keys to the Property.

Unfortunately, as to the Debtor's alleged remaining claims about property that had been severely broken, destroyed, or stolen, and his further claims that vital personal identifying documents, birth certificates, and secure financial records were taken, ransacked, and withheld, creating an active privacy and identity security threat – the Debtor has failed to provide any proof of, and to establish or identify what, if any, property of the estate remains in the possession, custody or control of Castlerock and/or the Sheriff; that the property can be used in accordance with the provisions of section 363; and the property has more than inconsequential value to the Debtor's estate. Thus, the court is unable to determine what, if any, remedy is available to the Debtor under section 542. To be sure, the Debtor is not entitled to any relief under section 362 of the Bankruptcy Code as "mere retention of estate property after the filing of a bankruptcy petition does not violate § 362(a)(3) of the Bankruptcy Code." *City of Chicago, Illinois v. Fulton*, 592 U.S. at 161–62, and the court cannot determine whether the Debtor is even entitled to any relief for his claim. Maintaining the status quo until a determination can be made does not entitle the Debtor to any relief under section 362. *Id.*

The Debtor has not met his burden here with regard to the personal property. This would be grounds for the denial of the Motion for turnover of the personal property. However, the court will give the Debtor one more opportunity to satisfy the elements of 11 U.S.C. § 542. Two weeks from the date of this Order, the Debtor must file on the Docket in this case a certification and actual proof by way of evidence/exhibits to:

---

1. to establish or identify what property of the estate remains in the possession, custody or control of Castlerock and/or the Sheriff; and
2. that the property can be used in accordance with the provisions of section 363; and
3. the property has more than inconsequential value to the Debtor's estate. To that end, the Debtor must establish values of said property and provide proof of how that value was determined; and
4. Should the Debtor fail to timely file this required info, the Motion as to the personal property will be **DENIED.**

Then, Castlerock will have two (2) weeks from the date that the Debtor's certification and evidence/exhibits are filed on the court's Docket in this case to respond with its own certification and evidence/exhibits. Should Castlerock fail to timely file this required info, its failure to do so will be deemed an admission to and acceptance of the Debtor's submission.

## MATTERS OF HOUSEKEEPING

The Debtor seems to be confusing several different theories, misunderstanding processes or providing unrelated arguments when seeking relief from the court. And while the court stands by its decision above, it is compelled to address some of those items now, in an effort to provide the Debtor with a better understanding.

### The Debtor's Misunderstanding Regarding the Automatic Stay

It seems that the Debtor has a fundamental misunderstanding about application of the automatic stay. He seemed to suggest that the automatic stay in the First Case, or perhaps any other previous case, continued to the current case and Castlerock was stayed from taking any action against the Property. First, the court previously ruled that the First Case was invalid, so the automatic stay did not go into effect. There was no stay to continue. If the Debtor is suggesting that there was a stay from his pending bankruptcy case in the Eastern District of New York, Bankr. Case No. 1-25-43801-jmm, that argument is just wrong as Castlerock was granted relief from the automatic stay in that case to pursue its rights and remedies. *See* Doc. No. 116 ("The automatic stay is terminated to permit Castlerock 2017, LLC to exercise their rights under applicable law with respect to collateral known as 33 Main Street, Pennsville, New Jersey 08070"). Along with that, as to any other previous case filed by the Debtor, the automatic stay in those cases terminated prior to the filing of the current case pursuant to 11 U.S.C. § 362(c).

Case 26-18311-ABA Doc 30 Filed 09/22/26 Entered 09/22/26 14:57:20 Desc Main
Document Page 13 of 15



---

Next, the automatic stay does not jump back to a previous case upon the filing of a new one nor does that stay in the previous case carry forward to the new case. Each bankruptcy case is a separate and distinct filing – with its own protections specific to that case. The Debtor cited no case law or statute to otherwise support such an incongruous proposition, and the court could find none. The closest thing the court could find is 11 U.S.C. § 362(c)(3), applicable in this case, which actually limits the automatic stay on a repeat filing.[12] In the end, there was NO previous stay to carry over.

Finally, the Debtor acknowledges that we are only dealing with the filing of ***the current case***. The Debtor cannot pick and choose from matters that occurred in other cases. The focus now is on this case. To that end, all the actions the Debtor complains of now clearly occurred pre-petition before this case was filed and therefore, Castlerock cannot be held accountable for violating the automatic stay in this case for those pre-petition actions since the automatic stay only applies to post-petition acts, *In re APF Co.*, 274 B.R. 408, 416 (Bankr. D. Del. 2001) and maintaining the *status quo* as to those prepetition actions is not a violation of the automatic stay. *Fulton*, 592 U.S. at 161–62.

## The Court Would Permissively Abstain From Deciding to Set Aside the State Court Order

The court notes that in the Debtor's Reply Brief, he made several arguments at length, some of which the court has already addressed. These arguments include that: he allegedly made full payment of the Land Contract rendering him the owner of the Property; certain past deed conveyances violated the automatic stay; the use of those deed conveyances in the State Court Action constituted a fraud on the State Court; Castlerock lacked the proper licensure to practice real estate brokerage or mortgage servicing in New Jersey in violation of the New Jersey Consumer Fraud Act, which the Debtor believes constituted another fraud on the State Court; and that Castlerock failed to perfect the State Court Order,[13] rendering it void. *See* Doc. No. 25, at 2-14.

As noted, the court is bound by the valid State Court Order. Until that Order is set aside, the Property is NOT property of the Debtor or the bankruptcy estate. Thus, turnover is not appropriate unless and until the Debtor obtains an Order setting aside the State Court Order. To that end, to the extent the Debtor's arguments are not all barred by *res judicata*, the court finds that permissive abstention pursuant to 28 U.S.C. § 1334(c)(1) would be appropriate.

Courts typically consider twelve factors when evaluating whether permissive abstention is warranted under § 1334(c)(1):

---

[12] This limitation has no impact for purposes of this decision. It is noted only as an example.

[13] The Debtor uses the phrase "local county ejectment judgment", which the court interprets to mean the Order Granting Summary Judgment for Possession, i.e., the State Court Order. If the Debtor was instead referring to the Writ of Possession, the same analysis will apply.

Case 26-18311-ABA Doc 30 Filed 09/22/26 Entered 09/22/26 14:57:20 Desc Main
Document Page 14 of 15



(1) The effect or lack thereof on the efficient administration of the estate;
(2) the extent to which state law issues predominate over bankruptcy issues;
(3) the difficulty or unsettled nature of the applicable state law;
(4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;
(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
(7) the substance rather than the form of an asserted "core" proceeding;
(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
(9) the burden of the court's docket;
(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
(11) the existence of a right to a jury trial; and
(12) the presence in the proceeding of non-debtor parties.

*In re DHP Holdings II Corp.*, 435 B.R. 220, 223–24 (Bankr. D. Del. 2010); *In re Venoco, LLC*, 596 B.R. 480, 492–93 (Bankr. D. Del. 2019), *aff'd*, 610 B.R. 239 (D. Del. 2020), *aff'd sub nom. In re Venoco LLC*, 998 F.3d 94 (3d Cir. 2021). "Ultimately, the decision is left up to the broad discretion of the bankruptcy court." *DHP Holdings II Corp.*, 435 B.R. at 224 (internal citations omitted); *In re G-I Holdings, Inc.*, 580 B.R. 388, 422 (Bankr. D.N.J. 2018) ("The decision to exercise permissive abstention is committed to the sound discretion of the court").

Clearly, as set forth above, many of the factors exist favoring abstention. First, state law issues clearly predominate. Determining whether the Debtor fulfilled the Land Contract and is owner of the Property presents issues of state contract and property law. Likewise, the applicable New Jersey licensure requirements, alleged violations of the New Jersey Consumer Fraud Act, and the legal effect of Castlerock's alleged failure to perfect the State Court Order are all matters of state law. Moreover, as to the Debtor's allegations that Castlerock committed numerous frauds upon the State Court, the State Court is the more appropriate forum to determine whether such fraud was committed upon it in connection with the proceedings before it. These considerations also implicate a second factor considered by the court – the difficulty or unsettled nature of the applicable state law. While the court does not view each issue to be particularly difficult or unsettled, their resolution would require the court to interpret New Jersey law in areas in which the state courts possess greater expertise. *See In re Abruzzo*, 1999 WL 1271761, at *3 (Bankr. E.D. Pa. Dec. 28, 1999) (noting state courts have more experience and expertise than bankruptcy courts in foreclosure matters). Abstention therefore promotes comity and consistency in the interpretation and application of state law.

Case 26-18311-ABA Doc 30 Filed 09/22/26 Entered 09/22/26 14:57:20 Desc Main
Document Page 15 of 15



---

Next, and most importantly, there is a related proceeding commenced in state court, as the State Court Order is already under appeal. It is there where the Debtor has already begun to challenge the findings of the State Court. Since there is an appeal pending, there is no need for the court to duplicate those efforts, particularly where the state appellate court is better suited to address the state law issues being raised by the Debtor and can provide the relief he seeks here. And finally, another factor weighs in favor of abstention – the burden imposed upon the court's docket by the demand to address these claims. Effectively, the Debtor is asking the court to address the same issues already being litigated in state court. Again, the relief sought is clearly available to the Debtor in state court. He is primarily challenging the State Court Order, and his appeal of that Order is already underway. There is no need for the court to expend its time and resources on something that is already being litigated in another forum, which, in fact, is better suited to hear the claims in the first place.[14] All of this favors abstention over the issues raised in the Debtor's Reply Brief. *See G-I Holdings, Inc.*, 580 B.R. at 422.

## CONCLUSION

Accordingly, the Property was not property of the estate at the time this bankruptcy commenced, and the Motion as to the Property and the physical keys to the Property is **DENIED**. The Motion as to personal property is held in abeyance in accordance with the conditions outlined in this Order and Memorandum decision.

/s/ Andrew B. Altenburg, Jr.
United States Bankruptcy Judge

Dated: September 22, 2026

---

[14] The court notes that courts typically place more weight on the following factors, "(1) the effect on the administration of the estate, (2) whether the claim involves only state law issues, and (7) whether the proceeding is core or non-core." *See DHP Holdings II Corp.*, 435 B.R. at 224 (internal citations omitted). Here, the court finds that the predominance of state law issues, the pending state court appeal, and the burden on the court's docket weigh strongly enough in favor of abstention that the court need not address the first and seventh factors. *See G-I Holdings, Inc.*, 580 B.R. at 422 ("The decision to exercise permissive abstention is committed to the sound discretion of the court").